## THIRD DEPARTMENT, JANUARY, 1974

## (January 3, 1974)

■ In the Matter of JOHN BELLO et al., Appellants, v. THOMAS LADMAN Co. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, dated July 27, 1970, which denied claimant's application for reconsideration of a board order of denial dated December 3, 1968. John Bello died on February 18, 1932 as the result of an industrial accident which occurred on February 4, 1932. His mother, Justina Bylow (Byliv) filed a claim for compensation and an award for death benefits was entered in her favor at the rate of $5 per week. In 1934, by an Act of Congress, the United States Government paid the mother $2,500 for decedent's wrongful death. By virtue of this recovery, payments to the mother were ordered suspended until April 9, 1947, when they were to resume. Sometime after 1934, decedent's mother returned to Poland and, following the outbreak of the Second World War, that section of Poland was annexed by Russia. At the time of proceedings before the board in May, 1950 to consider an award pursuant to subdivisions 8 and 9 of section 15 of the Workmen's Compensation Law, nothing was known of the mother's whereabouts or existence. The carrier was therefore ordered to pay $365 into the funds created by that section and the case was closed. On July 5, 1957, the mother's attorneys offered to prove her identity and requested that the case be restored to the board calendar so that a direction of payment to claimant as of April 9, 1947 could be made. In a decision filed February 18, 1958, the board denied the request stating that "it would serve no useful purpose * * * as it is the policy of the Board not to transmit funds to Russian Citizens even if their existence and dependency are established". Subsequently, the mother's attorneys requested reconsideration of their application to reopen in order to prove existence and identity while it was possible. This request was denied in a decision filed March 2, 1959, the board noting that the "mother is 77 years old and there is no indication the United States relationship with Russia will improve in the immediate future." On March 1, 1968, the attorney for the estate of the mother (she having died on February 25, 1960), citing apparent changes in the law and United States foreign policy requested that the earlier application to reopen be reviewed and granted. The board once again denied the request, its order of denial filed December 3, 1968 stating "since eighteen years have elapsed since the date of death and eight years from the date of last payment of death benefits and the case was closed, no further payment of death benefits may be made." On February 18, 1970, the attorney requested reconsideration and asked for an oral hearing to state his position. The decision appealed from followed. No question is raised as to the propriety of the 1950 decision closing the case. The only issue before the court is whether the decision denying reopening of the case was arbitrary and capricious or an abuse of discretion (see *Matter of Smith* v. *Evergreen Cemetery Assoc.,* 19 A D 2d 675). On this record, which includes a history of failure to appeal any of the board decisions except the latest, we find nothing arbitrary or capricious in the board's refusal, in its discretion, to reopen the case (*id.*). Decision affirmed, without costs. Herlihy, P. J., Greenblott, Cooke, Sweeney and Reynolds, JJ., concur.