### BURKS, INC. and ROCKWOOD INSURANCE COMPANY v. Joe BLANCHARD, et al

75-197 531 S.W. 2d 465

Opinion delivered January 12, 1976

*Shackleford, Shackleford & Phillips*, for appellants.

*Bridges, Young, Matthews & Davis*, for appellees.

ELSIJANE T. ROY, Justice. This appeal involves a Workmen's Compensation Commission award. Appellee, Joe Blanchard, recovered permanent partial disability for injuries received on October 20, 1970, while in the scope of his employment with Burks, Inc. (Also appellant herein is the insurance carrier, Rockwood Insurance Company). Appellee was conservatively treated by two physicians for injuries to his right leg and back. Finding himself unable to continue his former job skidding logs, appellee thereafter sought the medical services of Dr. Harold Chakales. Dr. Chakales' examination revealed a ruptured disc and corrective surgery was performed on March 14, 1972. In a report dated June 15, 1972, appellee was rated by Dr. Chakales as having a 10 to 15 percent physical impairment to the body as a whole. Appellants paid temporary total disability for a period of time following the surgery and began paying permanent partial disability based on the 15 percent disability established by Dr. Chakales.

Appellee thereafter pursued other employment and, on November 25, 1972, again suffered injury to his back while working for Holloway and Hicks Texaco Station. The Commission concluded that appellee had suffered a recurrence of his pre-existing back injury and increased his permanent par-

tial disability award from 15 to 35 percent. Based on finding of recurrence, liability for the increase was assessed against appellants, and the claims against Holloway and Hicks Texaco Station were dismissed.

For reversal appellants contend that there was no substantial evidence to support an increased percentage disability award; that there was no substantial evidence to support the finding that the injury was a recurrence, as opposed to an aggravation, of the pre-existing injury; and that responsibility for disability benefits after the November 25, 1972 injury should be assessed against Holloway and Hicks Texaco Station.

On appeal if there is any substantial evidence to sustain the finding and award of the Workmen's Compensation Commission, this court will affirm. *Vaccaro-Grobmeyer Co. v. McGarity*, 249 Ark. 1132, 463 S.W. 2d 372 (1971).

Appellants place great reliance on the case of *Ray v. Shellnutt Nursing Home*, 246 Ark. 575, 439 S.W. 2d 41 (1969) in support of their position that there should be no increase in the percentage disability award. However, we find more apposite the case of *Wilson & Co. v. Christman*, 244 Ark. 132, 424 S.W. 2d 863 (1968), which is cited with approval in *Ray*. In *Christman* we held that upon consideration of all pertinent factors including age, education, experience and other matters affecting claimant's incapacity to earn the same wages, the Commission's award of 60% permanent disability was supported by substantial evidence even though the highest percentage disability indicated by the medical evidence alone was 30%.

For other cases approving disability ratings in excess of the percentage of disability based on medical evidence alone see *Dacus Casket Co. v. Hardy*, 250 Ark. 886, 467 S.W. 2d 713 (1971), and *Royal Shoe Mfg. Co. v. Armstrong*, 252 Ark. 1002, 481 S.W. 2d 737 (1972).

Appellee's testimony reveals a pattern of physical disability stemming from his October 20, 1970 injury and the recurrence of the injury on November 25, 1972. This

testimony is corroborated by the medical observations of Dr. Chakales, appellee's treating physician. Dr. Chakales' several reports reflect that appellee will be susceptible to continued problems and that excessive manual labor would probably result in "repetitive flare-ups and low back trouble, and will require further treatment." From the record it is clear that appellee was at the time of his initial injury a 36 year old male who had a tenth grade education. His previous work experience involved manual labor only, and he was not trained for any other kind of work.

The testimony of appellee shows that following his injury of November 25, 1972, he has been unable to hold employment for any length of time. Appellee's employment was soon terminated when his physical limitations became apparent at Darco Steel, Blue Grass Shows (a carnival) and as a driver for a pulpwood contractor. The limitations involved at these places of employment were appellee's inability to lift heavy objects or to handle the driving of heavy equipment, which tasks he had been able to perform previously. The Commission in evaluating the full extent of appellee's handicap conformed to the test noted with approval in *Christmas*, supra, and in *Glass* v. *Edens*, 233 Ark. 786, 346 S.W. 2d 685 (1961), where we held consideration should be given not only to medical evidence but also to the claimant's "age, education, experience and other matters affecting wage loss." In view of the record here we find substantial evidence to support the award of 35% permanent partial disability.

We now consider whether substantial evidence supports the Commission's determination that appellee suffered a recurrence, rather than an aggravation, of his pre-existing condition. Appellants allude to the findings of the Commission referee who concluded that the second injury was an aggravation, rather than a recurrence, of the first injury. This finding was reversed by the full Commission. On appeal we consider the findings of the Commission, not of the referee, to ascertain if the award is supported by substantial evidence. *Lane Poultry Farms* v. *Wagoner*, 248 Ark. 661, 453 S.W. 2d 43 (1970).

Pertinent to the case at bar is § 95.12 of Larson on

Workmen's Compensation, which reads as follows:

> If the second injury takes the form merely of a recurrence of the first, and if the second incident does not contribute even slightly to the causation of the disabling condition, the insurer on the risk at the time of the original injury remains liable for the second. * * * This group . . . includes the kind of case in which a man has suffered a back strain, followed by a period of work with continuing symptoms indicating that the original condition persists and culminating in a second period of disability precipitated by some lift or exertion.

In determining whether the second injury represented a recurrence of the first we note appellee, subsequent to his October 20, 1972 accident, had frequent trouble with his back. Following his surgery appellee began driving a tractor but was unable to continue doing so because his back began bothering him again. It was during this period that appellee was readmitted to the hospital for treatment. Shortly after discharge appellee testified that he began work for Holloway and Hicks Texaco Station mainly greasing big trucks where he had to bend his neck and back considerably. He worked there until November 25, 1972, when, as the apparent result of strenuous exertion, he reinjured his back and was unable to work further.

It is appellants' contention that the injury occurred when appellee was forced to catch a large tire to prevent its fall from the service station wall. However, appellee stated that he did not notice anything wrong with his back at that time or suffer any unusual pain. Appellee thereafter went underneath a truck to grease it and, upon emergence, was unable to straighten up because his back was hurting so much. That an injury did indeed occur is corroborated by Dr. Chakales, who states in a medical report that appellee was hospitalized the day after he complained of injury. Moreover, in another medical report taking cognizance of this injury, Dr. Chakales stated "there is no doubt that the working, stooping and bending while working at the service station precipitated this *recurrent* back trouble." (emphasis supplied) Contrary to appellants' contention that the Commission bas-

ed its conclusion only upon Dr. Chakales' chacterization of the injury as recurrent, it can be seen that there is additional evidence sufficient to establish the plausibility of such a finding.

As a result of thorough review, we find substantial competent evidence to support the Commission's order on the recurrence issue as well as disability and the judgment of the circuit court approving same is affirmed.