■ In the Matter of the Claim of ADRILLA EDDINGS, Appellant, v BIG JIM SERVICE CENTER, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed April 28, 1976, which denied her application to reopen her claim. While working as a service station attendent on August 4, 1973, the deceased employee herein, who was the son of the claimant, was shot to death in an apparent robbery on his employer's premises. Subsequently, accident, notice and causal relation were established, but, in a decision filed January 22, 1976, the board denied the claimant an award of death benefits upon finding that she was not a legal dependent of the deceased at the time of his death. Shortly thereafter, the claimant made application to reopen her case on the basis of newly discovered evidence, and the board also denied this application in the decision which is challenged on this appeal. We hold that the board's decision should be affirmed. Absent its being arbitrary and capricious or an abuse of discretion, a determination by the board not to reopen a case will not be disturbed (*Matter of Bello v Ladman,* 43 AD2d 869, affd 36 NY2d 741; *Matter of Dudley v Brown, Harris & Stevens,* 35 AD2d 1040). Here, claimant seeks to have her case reopened on the basis of newly discovered evidence, and yet it is undisputed that the alleged new evidence was discovered by her attorney almost two months before the board's decision denying her death benefits. Nonetheless, no attempt was made to apprise the board of this evidence prior to the issuance of its decision on January 22, 1976, and the failure of the claimant or her attorney to so act in this regard justified the board's later refusal to reopen the case. Decision affirmed, without costs. Sweeney, J. P., Staley, Jr., Main and Larkin, JJ., concur; Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. The new evidence was discovered in this case by claimant's attorney after the case had been heard by the board. In view of the fact that the request to reopen was promptly made and involved a witness who is impartial and

whose identity and existence were unknown at the time of the hearing, a denial to reopen is arbitrary and capricious. The matter should be remitted for further hearings and findings.