GREAT PLAINS BAG CORPORATION
*v*. Charles BATY

CA 79-170                              593 S.W. 2d 51

Opinion delivered December 19, 1979
Released for publication January 23, 1980

*Southern & James*, by: *Byron S. Southern*, for appellant.

*Rice, Batton & Vaughan, P.A.*, by: *Ben E. Rice*, for appellee.

MARIAN F. PENIX, Judge. Claimant was injured in 1968 at the age of 36. He alleged the injury was suffered in the course of his employment by U.S. Holdercraft and filed for Workers' Compensation benefits. Benefits were denied on the basis of the testimony of his ex-wife who said he had actually hurt his back in 1968 while lifting a boat, an activity unconnected with U.S. Holdercraft. However incurred, the first back injury led to two surgeries and his total retirement from the work force. Under the Social Security Act claimant was determined to be totally and permanently disabled and began drawing benefits. In 1976, with the consent of the Social Security Administration, the claimant began working on a trial basis[1] with Great Plains Bag Corporation. After two months on the job, claimant was injured. Dr. Lester testified claimant's disability from the 1968 injury amounted to 20 to 25% to the body as a whole. Dr. Lester added an additional 5% arising from the 1976 injury. Dr. Adametz rated claimant's disability as two and a half per cent affecting the body as a whole as an addition to his previous disability. The appellant controverted all permanent partial disability benefits in excess of two and one half per cent to the body as a whole. The Administrative Law Judge requested the parties investigate the possibility of successful rehabilitation and subsequently held the claimant to be a suitable candidate for rehabilitation. The judge also awarded 35% anatomical permanent partial disability to the body as a whole. He gave no consideration to wage loss nor to loss of future earning capacity.

---

[1] The Social Security Administration has a program whereby a person who is drawing disability benefits may begin working on a trial basis. This trial lasts for nine months. During this time he continues to draw disability benefits. If after nine months, it is determined the person is able to hold a job the disability benefits are discontinued. Charles Baty was at the time of his injury still drawing these disability benefits.

Claimant did not appeal the judge's finding of 35% of anatomical permanent partial but rather argued his finding regarding rehabilitation should be set aside so a wage loss rating can be assigned to claimant in addition to the 35% physical impairment rating. The claimant asked the commission to award 95% permanent partial disability award under the rationale of *Glass* v. *Edens*, 233 Ark. 786, 346 S.W. 2d 685 (1961). The respondents argued that 30% is attributable to the claimant's prior injury. The respondents argued for apportionment of the disabilities between the 1968 and 1976 injuries.

The 2-to-1 opinion of the Workers' Compensation Commission states it finds the 35% anatomical disability to the body as a whole to be "rather liberal". However, the Commission adopted the finding and apparently translated Baty's total disability to 95% to the body as a whole, of which 65% was found to have been caused by the Great Plains employment. The Commission acknowledged it was hard put to do this within the guidelines of *Glass* v. *Edens*, 233 Ark. 786, 346 S.W. 2d 685 (1961). This was particularly true since Baty had been unemployed and drawing total disability payments from Social Security since 1972. However, the Commission opinion apparently finds that Baty's economic loss was the loss of his "trial" job of two months with Great Plains.

Assuming Great Plains knew of Baty's prior back problems — and there is some dispute about this in the testimony — it was a commendable act by Great Plains to employ Charles Baty. Obviously this entailed substantial financial risk. Arkansas' legislature wisely has tried to encourage employers, such as Great Plains Bag Corporation, to risk employing workers with previous disabilities. Of course, in such an employment, there is high risk of further injuries, and increased insurance premiums. Although this statute has been amended several times, the present law pertaining to Baty's subsequent injury is set out in Ark. Stat. Ann. § 81-1313 (2) (Repl. 1976). This has been interpreted by our Supreme Court in *Davis* v. *Stearns-Rogers Construction Co.*, 248 Ark. 344, 451 S.W. 2d 469 (1970). This fixes Baty's compensation from Great Plains to be ". . . for the degree of disability that would have resulted from the subsequent in-

jury if the previous disability had not existed.''

According to the Arkansas Workers' Compensation Act, ''disability'' is the incapacity because of injury, to earn, in the same or some other employment, the wages, which the employee was receiving at the time of injury. Ark. Stat. Ann. § 81-1302 (e).

In *Glass* v. *Edens*, 233 Ark. 786, 346 S.W. 2d 685 (1961), the Arkansas Supreme Court held that the Workers' Compensation Commission may in its discretion consider certain non-medical factors in determining the degree of permanent disability sustained by an employee. As stated in *Glass* v. *Edens*, supra, disability means not merely functional disability but also loss of the use of the body to earn substantial wages. The court quoted extensively from Larson.

> The key to the understanding of this problem is the recognition, at the outset, that the disability concept is a blend of two ingredients, whose recurrence in different proportions gives rise to most controversial disability questions: The first ingredient is disability in the medical or physical sense, as evidenced by obvious loss of members or by medical testimony that the claimant simply cannot make the necessary muscular movements and exertions; the second ingredient is defacto inability to earn wages, as evidenced by proof that claimant has not in fact earned anything. 2 Larson, Workmen's Compensation Law, § 57.10, p. 10-4, as quoted in *Glass* v. *Edens*, supra, at p. 787.

We are limited by statute law and a long series of cases, none of which need to be cited, to the propositions: first, that awards of the Workers' Compensation Commission will not be disturbed on appeal if there is any substantial evidence to support them; and second, that all inferences will be resolved in favor of the worker. This is true even though the two Workers' Compensation Commissioners who rendered the opinion now on appeal obviously had only the cold typed record of the trial to read, as do we. The Administrative Law Judge's findings from live testimony are swept aside by the de novo hearing before the three commissioners. We are precluded by the statutes from considering the findings of the Workers' Compensation Commission Administrative Judge

who alone heard and observed live witnesses in the trial of this claim. *Parker Stave Co. et al* v. *Hines*, 209 Ark. 438, 190 S.W. 2d 620 (1945); *Lane Poultry Farms* v. *Wagoner*, 248 Ark. 661, 453 S.W. 2d 43 (1970); *Burks* v. *Blanchard*, 259 Ark. 76, 531 S.W. 2d 465 (1976).

Even when viewing the evidence in the light most favorable to the claimant, however, we cannot find there to be substantial evidence to support the Commission's award of permanent disability in excess of his anatomical rating. We are well aware the Commission's finding carries the same weight as a jury finding and it is with great reluctance we overturn a decision made by the Commission. The undisputed fact is claimant had already been permanently and totally disabled. He had not worked in private employment for over eight years. His employment with Great Plains Bag Corporation was under a temporary permit from the Social Security Administration as a totally disabled person. His employment with this employer was strictly on a trial basis to determine if he was able to work. After a very short trial period, events proved he could not perform due to his back. There is simply no substantial evidence to support a finding of loss of future earning capacity.

This court is apprised of the fact that not everyone who is at one time determined completely disabled will remain so.

The capacities of a human being cannot be arbitrarily and finally divided and written off by percentages. The fact that a man has once received compensation as for 50 percent of total disability does not mean that ever after he is in the eyes of compensation law but half a man, so that he can never again receive a compensation award going beyond the other 50 percent of total. After having received his prior payments, he may, in future years, be able to resume gainful employment. In the words of the Colorado court, he may have resumed employment as a "working unit." 2 Larson, Workmen's Compensation Law, § 59.42, at p. 10-352, 353.

The facts with regard to Charles Baty just do not show that he had returned to the work force as a "working unit". He

was not able to resume gainful employment.

The economic plight of Charles Baty concerns us. We have compassion for a man who has attempted to once again become a part of the work force. This attempt to re-enter, however, is simply not enough to support the award of 65% additional disability under *Glass* v. *Edens*, supra. As Professor Larson has written,

> Workmen's compensation is a mechanism for providing cash-wage benefits and medical care to victims of work-connected injuries, and for placing the cost of these injuries ultimately on the consumer, through the medium of insurance whose premiums are passed on in the cost of the product. Larson, Workmen's Compensation Law, § 1.00, p. 1.

Sustaining an award such as this, however, stretches this concept too far. Furthermore, this award would defeat the purpose and intent of the legislature as evidenced by the second injury statute and work to discourage rather than encourage employers to hire persons with any degree of disability.

The decision of the Workers' Compensation Commission is reversed with directions to limit the rating of Charles Baty to the 35% anatomical figure. Of this 35%, Great Plains Bag Corporation is responsible for 5% permanent partial disability to the body as a whole. The attorney for the claimant is awarded the maximum attorney's fee on the amount controverted in excess of two and one-half percent.

Reversed and remanded.