Alice Elaine SARGENT *v.* DAISY
MANUFACTURING COMPANY and AMERICAN
HOME ASSURANCE COMPANY

CA 80-126                                              601 S.W. 2d 259
Court of Appeals of Arkansas
Opinion delivered July 2, 1980
Released for publication July 8, 1980

*Burrow & Sawyer*, by: *Lloyd C. Burrow, Jr.*, for appellant.

*Jones, Gilbreath & Jones*, by: *E. C. Gilbreath*, for appellees.

DAVID NEWBERN, Judge. In this workers' compensation case the question is whether there is substantial evidence of record to support the commission's denial of compensation to the claimant. The appellant argues there is no substantial evidence to support the decision because the physician, upon whose testimony the commission must have relied, testified in a somewhat self-contradictory way. We find the testimony not to have been so self-contradictory as to make it less than substantial, and thus we affirm.

The appellant has had three episodes of cystocele and rectocele, each of which required surgical repair. The last incident occurred in 1977, and it resulted from a work-related injury for which the appellant received workers' compensation. She thereafter claimed permanent disability. An administrative law judge found she was permanently disabled to the extent of 33-1/3% to the body as a whole. The commission reversed that decision, finding the appellant suffered no permanent disability as a result of her injury.

The testimony in the record consists largely of the statements of Dr. Jennings who performed all of the surgical procedures upon the appellant, and the testimony of Dr. Elkins who has examined the appellant since her last surgery. Dr. Jennings had been the appellant's family physician for many years and up until his retirement. Dr. Elkins was consulted by the appellant after Dr. Jennings' retirement.

The appellant has a number of current, physical complaints including low back pain, urinary incontinence and constipation. Following her 1977 surgery, Dr. Jennings gave his permission for the appellant to return to work but recommended that she avoid heavy lifting and straining. She attempted to go back to her job with Daisy, but they declined to take her back because they had no job which did not require lifting and stooping, which the appellant felt she was unable to do. Dr. Jennings' final report after the most recent surgery report said that the claimant had sustained no permanent disability. Yet, he testified: "I believe she should avoid heavy lifting, straining, stooping, since this first cystocele in 1968. I think any woman who has had that procedure done should avoid heavy work."

Dr. Elkins testified that the only disability the appellant now has is that disability suffered by any woman 59 or 60 years old. He stated further that he felt any symptoms she displays currently are not related to her injury and the accompanying rectocele surgery. He said, "I do not relate the present symptoms that she [is] presented with, to any on the job problem, . . ." He also stated, "I do not place any restrictions on this lady that I wouldn't place on any other lady, an average normal lady of 59 to 60 years old." Dr. Elkins concluded his testimony by saying he would not put any work restrictions on the appellant at the present as a result of any gynecological problem.

The appellant contends Dr. Elkins' testimony may not be considered substantial evidence because "he testified in · favor of restrictions on Claimant's work activity and against restrictions on Claimant's work activities." While it is true Dr. Elkins felt there might be tasks the appellant could not perform, he made it quite clear that any limitations she might have are the same as those of any other woman of comparable age. There appears to be no doubt as to Dr. Elkins' opinion that the appellate has suffered no permanent disability as a result of the injury for which she has received temporary disability compensation.

The only cases cited by the appellant are *Bottoms Baptist Orphanage* v. *Johnson*, 240 Ark. 175, 398 S.W. 2d 544 (1966),

which describes the cystocele and rectocele conditions, and *Glass* v. *Edens*, 233 Ark. 786, 346 S.W. 2d 685 (1961), which holds that factors other than functional or anatomical injury must be considered in determining permanent disability to the body as a whole. We are cited to no case dealing with inconsistency in a witness's testimony and its effect, if any, upon whether that testimony may be regarded as substantial evidence.

The commission has determined the preponderance of the evidence supports the appellees' contention that there is no permanent disability resulting from the injury. The commission might have found in the appellant's favor, however, that is irrelevant to the issue before us which is whether substantial evidence supports the commission's decision. See *Johnson* v. *Volmac Industries*, 269 Ark. 626, 599 S.W. 2d 440 (Ark. App. 1980). We find Dr. Elkins' testimony is sufficiently definite to the effect that any disability of the appellant is unrelated to her recent injury. That is substantial evidence.

Affirmed.