HALSTEAD INDUSTRIES and EMPLOYERS INSURANCE OF WAUSAU *v.* Tommie Lee JONES and AMERICAN MUTUAL LIABILITY COMPANY

CA 80-125                                    603 S.W. 2d 456
Court of Appeals of Arkansas
Opinion delivered September 3, 1980

*Ray & Donovan*, for appellant.

*Sam Boyce*, for appellee, Jones.

*Penix, Penix & Mixon*, for appellee, American Mutual.

ERNIE E. WRIGHT, CHIEF JUDGE. This is an appeal by Halstead Industries, the employer and its insurance carrier, Employers Insurance of Wausau, from a judgment of the circuit court affirming a total and permanent disability award by the Workers' Compensation Commission in favor of appellee Tommie Lee Jones and finding the disability resulted from the claimant's October, 1976 injury.

The claimant suffered a compensable back injury in the course of his employment with Halstead Industries when he fell on October 14, 1976. He was referred to a local physician, Dr. Young, and returned to work in about ten days. He worked regularly thereafter until January 3, 1977, when he missed three days work, and except for one day thereafter he worked regularly until February 17, 1977, when he experienced at work an onset of severe back pain extending down into his legs and he was unable to continue working. The pain in his back and legs persisted and he was unable thereafter to resume work.

Appellant Wausau was the insurance carrier until December 1, 1976, when appellee American Mutual Liability assumed coverage for the employer. Wausau paid benefits

after the October, 1976 injury, but denied liability for any unpaid benefits.

Claimant was born in July, 1917, and completed the third grade in school. He worked 33 years at common labor helping to drill rice wells and worked for appellant Halstead Industries some 9 years. He is unable to read and write other than to sign his name. He fell and injured his back at work on October 14, 1976. Dr. Young's report reflects the opinion claimant had a compression fracture of the vertebra or a ruptured lumbar disc. He was treated conservatively and returned to work some ten days later. He was later referred to Dr. Robertson, a Memphis neurosurgeon, who saw appellant on January 28, 1977. Dr. Robertson's reports show claimant complained of experiencing pain while working and the pain was made worse by twisting, lifting, bending or coughing. He was fitted with a low back support and put on medication. Dr. Robertson thought he was suffering from a lumbar sacral strain. Dr. Robertson saw claimant again on February 18, 1977, and found he had slight back spasms with tenderness at L-5. He was still wearing his back support and the doctor prescribed further medication. Claimant was again seen by Dr. Young on March 21, 1977, for severe leg pain, and at that time he was able to walk only with a cane. The evidence shows claimant was having no problem with his back or legs prior to the October, 1976 injury, and that he is now unable to do the normal work about his home and yard. He testified Dr. Robertson suggested he have back surgery but he didn't feel he wanted it.

The claimant was seen by Dr. Joe K. Lester, an orthopedic surgeon of North Little Rock in April, 1977, and his report included the following:

***At the time of this examination, he came in complaining of back pain with extension into the sciatic course of both lower extremities. ***

Physical examinations reveals a 59-year old male with orthopedic examination limited to the low back and lower extremities. ***

Mr. Jones sustained a lifting injury in the course of his gainful employment. His clinical course has been consistent with lumbar disc injury. X-ray studies show marked degenerative disc disease obviously pre-dating for a long time the accident in which he was involved. It is felt that this man probably reached maximum physical improvement at or about the time he was advised to have surgery by the physician in Memphis in the absence of surgery. This examiner certainly doesn't concur at the age of 59 that he is too old for surgery as personally we have operated people well into their 70's with a fair degree of success. It is felt that he does have 15% impairment of the body as a whole. With this degree of physical impairment and the extent of his degenerative disc changes, he is limited to the type of gainful employment he can attempt.

The Commission affirmed the decision of the administrative law judge which found claimant totally and permanently disabled and determined the appellant Wausau was solely liable for benefits due claimant. The opinion affirmed by the Commission referred to the pain experienced by claimant on February 17, 1977, as a re-injury or aggravation of an injury. On appeal the circuit court remanded the case to the Workers' Compensation Commission for clarification of its findings. The Commission thereafter isued a further opinion containing the following:

For the purposes of the Courts directive, we note the oversight of conflicting terms found in the Administrative Law Judge's Opinion which left the impression that the claimant, on February 17, 1977, suffered either a re-injury or aggravation of his previous injury of October 14, 1976. Further, although we affirmed, in its entirety, the Award set out in the Administrative Law Judge's April 14, 1978, opinion, we felt that the February 17, 1977, incident is appropriately described as a recurrence of the pre-existing condition which resulted from the acknowledged compensable injury of October 14, 1976. In accordance with existing Arkansas case law, we were further of the opinion that there was

no basis, in fact, for apportionment of liability between the carriers and that the entire liability should be borne by Respondent Carrier No. 1, Employer Insurance of Wausau.

After the modified findings of the Commission were made the circuit court affirmed the modified findings and award of the Commission.

Appellants first argue the Commission erred in finding Employers Insurance of Wausau liable for the claim in its entirety.

In support of this point appellants argue claimant sustained a new injury in February, 1977, after Wausau was no longer the insurance carrier, and that it is not liable for benefits payable because of the new injury. Appellants point out the modified findings by the Commission were made without any additional evidence being submitted, and that the findings are in conflict with the findings of the administrative law judge which the Commission had previously adopted. Appellants further point out the original award was inconsistent with the original findings.

The Clarification of Opinion issued by the Commission, after remand for clarification of findings, makes it clear the Commission found claimant suffered a recurrence of his pre-existing condition arising out of his October 14, 1976 injury. The opinion reaffirmed its prior conclusion the entire liability should be borne by Wausau.

The issue on appeal before this court is whether there is substantial evidence to support the award of the Commission, and both the circuit court and this court must view the evidence in the light most favorable to the findings of the Commission. While there are conflicts in the evidence, it is the province of the Commission to weigh the evidence, and after a careful review of the record we conclude there is substantial evidence to support the findings and award of the Commission. *Mass Merchandisers, et al* v. *Harp*, 259 Ark. 830, 536 SW 2d 729 (1976).

When the symptoms of a back injury persist and culminate in a second disability without the intervention of a new injury the second disability is properly classified as a recurrence of the first injury, and the insurance carrier at the time of the original remains liable. *Burks, Inc.* v. *Blanchard*, 259 Ark. 76, 531 SW 2d 465 (1976).

Appellants further argue the finding that claimant's injury of October 14, 1976, resulted in total permanent disability is not supported by substantial evidence.

The evidence shows claimant can walk only with a cane and is unable to do ordinary work about his home. Dr. Lester's report evaluates claimant's physical impairment as 15 percent to the body as a whole. When his physical impairment is considered together with his age, lack of education and wage loss factor, we conclude there is substantial evidence to support the award of total permanent disability. *Glass* v. *Edens*, 233 Ark. 786, 346 SW 2d 685 (1961).

Affirmed.

PENIX, J., not participating.