Charles WALKER *v.* J & J PEST CONTROL and
AETNA INSURANCE COMPANY

CA 82-123                                      639 S.W.2d 748

Court of Appeals of Arkansas
Opinion delivered September 29, 1982

*David J. Potter,* for appellant.

*Thomas M. Bramhall,* for appellees.

DONALD L. CORBIN, Judge. This is a well-briefed case of
first impression. Claimant, Charles Walker, appeals an
order by the full Commission which denied his motion for
rehearing on the basis of newly discovered evidence. We
affirm.

This claim arose out of a claim for medical benefits and
workers' compensation disability benefits related to an
alleged injury to appellant by exposure to pesticides. In an
opinion filed September 26, 1979, Administrative Law
Judge Newbern Chambers found that appellant had failed
to prove, by a preponderance of the evidence, that his
disability arose out of and in the course of his employment.

Appellant appealed to the full Commission and the opinion of the Administrative Law Judge was affirmed on appeal. Thereafter, appellant filed a petition for rehearing on the ground that there had been newly discovered evidence. There was some question as to whether appellant asked for a hearing on the petition for a rehearing, but, in any event, the full Commission wrote a letter denying the petition for rehearing and stated that it was possible that the motion would be more properly filed as a motion to remand from the Court of Appeals. The implication in the letter of the full Commission was that the full Commission did not base its decision on the merits of the petition for rehearing, but rather, felt as if they had no jurisdiction to entertain a petition for rehearing. This matter was thereupon appealed to the Court of Appeals and the case was reversed and remanded to the full Commission so that the full Commission could take appropriate steps to decide the issues raised by the petition for rehearing on the merits.

The full Commission entered an order on February 18, 1981, remanding this case to an Administrative Law Judge for the purpose of conducting a hearing on the merits of appellant's motion for rehearing. The order of the full Commission limited the question to be decided in this particular hearing to that of newly discovered evidence. The Commission in its order described the purpose of this hearing as follows:

> Without unduly limiting claimant in his presentation of evidence at the hearing on his motion, or ruling out any pertinent matters, certainly the evidence to be adduced at the hearing on the motion should go to the central question of whether such evidence is indeed newly discovered as that term is generally understood in a jurisprudential sense. This inquiry will invoke of course the question, among others, of whether the evidence alleged to be newly discovered could, or should with reasonable diligence, have been discovered and presented at an earlier juncture of the proceeding.

A hearing was held on April 2, 1981, and thereafter the deposition of Dr. Dale Peters was taken on April 30, 1981, the

deposition of Harold King was taken on April 29, 1981, and the deposition of Dr. William J. Rea was taken on May 22, 1981. The entire record prior to the hearing in April of 1981 was made a part of the record for this particular hearing. The Administrative Law Judge rendered an opinion on September 4, 1981, finding that:

> The claimant has failed to prove, by a preponderance of the evidence, that the evidence alleged to be newly discovered is, in fact, newly discovered evidence as that term is generally understood in a jurisprudential sense. The evidence which the claimant now seeks to introduce could or should have been available at an earlier point had the claimant exercised reasonable diligence. The evidence which the claimant seeks to present upon rehearing is material evidence, but untimely.

Earlier in this case, a hearing was held on June 20, 1979, where medical reports by Dr. W. R. Keadle, a general practitioner in Glenwood, Arkansas, and Dr. Bruce Waldon, an Assistant Professor of Medicine at the University of Arkansas for Medical Sciences, were introduced into evidence. These physicians related the symptoms of claimant to his exposure to pesticides.

Thereafter, Dr. Waldon's deposition was taken and he reversed his original position. He testified that there was no objective evidence from the test he performed on Mr. Walker that chemicals in the pesticides caused claimant's problem. He found no causal relationship between the pesticides and Mr. Walker's complaints. He testified that his opinion was further substantiated by the fact that any problems caused by the pesticides would have dissipated within days or at most weeks after his last exposure. Dr. Keadle, after reviewing Dr. Waldon's deposition, could not reach an opinion one way or another as to whether Mr. Walker's complaint was related to pesticide exposure.

Claimant was denied benefits by the Administrative Law Judge. The case was eventually submitted to the full Commission on November 27, 1979. On January 10, 1980, the full Commission denied Mr. Walker benefits.

On November 15, 1979, claimant, unbeknownst to his attorney, saw Dr. Dale W. Peters in Dallas, Texas, who diagnosed his illness as pesticide poisoning. Claimant said nothing to anyone of this visit until he visited with his present attorney about a related products liability case on January 10, 1980. A medical report dated January 11, 1980, prepared by Dr. Dale W. Peters, indicated that claimant suffered from exposure to pesticides. Mr. Walker denied that Dr. Peters told him at his November 15, 1979, examination that he diagnosed his condition as being caused by pesticide poisoning. However, Dr. Peters, in a deposition taken April 30, 1981, testified that he did tell him. He further testified that his diagnosis was substantiated as of December 13, 1979, when he received the results of tests of Mr. Walker's blood samples taken November 15, 1979.

In *Eddings* v. *Big Jim Service Center, Inc.*, 404 N.Y.S.2d 441, 62 A.D.2d 1119 (1978), the claimant appealed a decision of the Workmen's Compensation Board denying her application to reopen her claim. The Board's decision was affirmed. The Court stated:

> Here, claimant seeks to have her case reopened on the basis of newly discovered evidence, and yet it is undisputed that the alleged new evidence was discovered by her attorney almost two months before the board's decision denying her death benefits. Nonetheless, no attempt was made to apprise the board of this evidence prior to the issuance of its decision on January 22, 1976, and the failure of the claimant or her attorney to so act in this regard justified the board's later refusal to reopen the case.

Here, appellant in his oral argument conceded that the November 15, 1979 examination by Dr. Peters and the verification by Dr. Peters of his initial diagnosis by the results of Mr. Walker's blood samples would not come under any definition of newly discovered evidence. He argues that this information was common as to other medical histories related in other physician's findings. He stated that the February, 1981, medical report of Dr. William Rea, an associate of Dr. Peters in Dallas, firmly established newly

discovered medical evidence. Dr. Rea was a cardiovascular specialist with a sub-specialty in environmental aspects of cardiovascular disease. He testified in his deposition that until his tests were completed on February 17, 1981, he could only make a suspected diagnosis of chemical sensitivity with an immune deficiency.

The problem we are faced with is the absence of any legislation that would allow the reopening of this case other than Ark. Stat. Ann. § 81-1323 (b) (Repl. 1976) and Rule 14 of the Arkansas Workers' Compensation Commission.

Ark. Stat. Ann. § 81-1323 (b) (Repl. 1976) provides:

(b) Investigation — Hearing.  ... If an application for review is filed in the office of the Commission within thirty (30) days from the date of the receipt of the award, the full Commission shall review the evidence or, if deemed advisable, hear the parties, their representatives and witnesses, and shall make awards, together with its rulings of law, and file same in like manner as specified in the foregoing. A copy of the award made on review shall immediately be sent to the parties in dispute, or to their attorneys. The full Commission may remand to a single member of the Commission or a referee, any case before the full Commission for the purpose of taking additional evidence. Such evidence shall be delivered to the full Commission and shall be taken into consideration before rendering any decision or award in such case.

Rule 14[1] of the Rules of the Arkansas Workers' Compensation Commission contains the following language:

Introduction of Evidence. All oral evidence or documentary evidence shall be presented to the designated representative of the Commission at the initial hearing on a controverted claim, which evidence shall be

---

[1]The text of this Rule was incorporated verbatim into Section 27 of the Act [Ark. Stat. Ann. § 81-1327 (c)] by Act 290 of 1981. This provision will no longer appear as a Rule effective March 1, 1982.

stenographically reported. Each party shall present all evidence at the initial hearing. Further hearings for the purpose of introducing additional evidence will be granted only at the discretion of the hearing officer or Commission. A request for a hearing for the introduction of additional evidence must show the substance of the evidence desired to be presented.

We believe that all of the evidence which appellant alleges is "newly discovered evidence" was within the knowledge of appellant before the decision of the full Commission on January 10, 1980, and before the case was submitted to the Commission on November 27, 1979.

Until the Legislature acts, we adopt the rule that absent a showing that the Workers' Compensation Commission acted arbitrarily and capriciously, or abused its discretion, a determination made by the Commission not to reopen a case will not be disturbed. Accordingly, we make no such finding in the instant case and we affirm.

Affirmed.

COOPER, J., dissents.