THE HOME INSURANCE COMPANY *v.*
Mary Jo MEEKER, Employee and WAL-MART
STORES, INC., Self-Insured Employer

CA 83-59                                   657 S.W.2d 215

Court of Appeals of Arkansas
Division I
Opinion delivered September 21, 1983

*David Solomon,* for appellant.

*Bassett Law Firm,* by: *Woody Bassett,* for appellees.

TOM GLAZE, Judge. The Workers' Compensation Commission found that appellee, Mary Jo Meeker, sustained a compensable injury on March 22, 1982, which was a recurrence of one she suffered on November 23, 1981. When both injuries occurred, Meeker worked for appellee Wal-Mart Stores, Inc. (Wal-Mart). At the time of her first injury, Home extended compensation insurance to Wal-Mart employees, but commencing January 1, 1982, Wal-Mart became self-insured. As a consequence of this change in coverage, Home had accepted the responsibility for Meeker's November 23 injury, but it denied any liability arising from her March 22 injury. However, because the Commission found Meeker's second injury was a recurrence of her first, it held Home liable for her medical expenses and temporary total disability from March 23, 1982, until a date to be determined in the future. On appeal, Home raises three points for reversal.

First, Home contends it is not responsible for the medical costs ensuing from Meeker's March injury because she changed physicians, and in doing so, failed to comply with Ark. Stat. Ann. § 81-1311 (Supp. 1983). Section 81-1311 provides that if the employee selects a physician, the Workers' Compensation Commission shall not authorize a change of physician unless the employee first establishes to the satisfaction of the Commission that there is a compelling reason or circumstance justifying a change. By its terms, this provision simply is not applicable to the facts at bar. Meeker

did select a chiropractor, Dr. Taylor, to treat her first injury, but after she sustained her second injury, Wal-Mart directed her to Dr. McDaniel for treatment. Arguing it no longer covered Wal-Mart's employees at the time Meeker sustained her second injury, Home urges that Wal-Mart's decision to send Meeker to a different doctor should be imputed to Meeker. To accept such an argument would do damage to the language of § 81-1311, extending its application to a situation clearly not covered. Therefore, we hold the Commission did not err in refusing to deny medical benefits to Meeker on the basis that she failed to comply with the change of physicians provision in § 81-1311.

Second, Home contends the Commission erred in denying Home's petition to take additional evidence. At the June 17, 1982, hearing before the administrative law judge, Home reserved its right to cross-examine witnesses who submitted medical reports at a later date. Hospital records and a report by Dr. Jon Robertson were submitted to the law judge by letter dated August 26, 1982, but Home argues that before it could determine whether to exercise its privilege of cross-examination, the law judge filed his opinion on September 9, 1982. Home subsequently filed a motion with the Commission requesting permission to depose Dr. Robertson and to submit his testimony as additional evidence for use by the Commission in reaching its decision on appeal. In support of its argument, Home contends the medical report submitted on August 26 revealed that Meeker suffered a low back problem, which was the first indication that the March injury might not have been a recurrence of Meeker's earlier neck and shoulder injuries.

Reviewing the record, we find that at the June 17 hearing before the law judge, Meeker introduced a report by Dr. George W. Wood, evidencing she had complained of low back pain. Dr. Wood, an orthopedic physician, treated Meeker at Dr. Robertson's request, and in his June, 1982, report Wood discussed extensively the problem Meeker had related concerning her back. Thus, Home knew about Meeker's back pain at least as early as June 17, which was about three months prior to the date the law judge rendered his decision. Having this information, Home had ample

opportunity to cross-examine either Dr. Robertson or his designated consultant, Dr. Wood, concerning Meeker's back. Consequently, Dr. Robertson's testimony that Home sought to introduce was not newly discovered evidence, and the Commission did not err in refusing to reopen the case to admit it. *See Walker* v. *J & J Pest Control,* 6 Ark. App. 171, 639 S.W.2d 748 (1982), and Ark. Stat. Ann. § 81-1327 (c) (Supp. 1983).

Third, Home argues the Commission's finding that Meeker's second injury was a recurrence of her first is not supported by substantial evidence. From our study of the record, we believe there is sufficient evidence showing that on March 22, 1982, Meeker sustained work-related, recurrent injuries to her neck and shoulder — the same areas she injured in November, 1981. However, Home's real argument is that there is no evidence causally linking Meeker's low back problem with either her first injury or its recurrence, but her back was apparently considered in the Commission's temporary total disability award. In support of Home's argument, the evidence is undisputed that Meeker's back pain did not commence until after she was hospitalized, having re-injured her neck and shoulder. During this hospitalization, Meeker's medical history reflects the onset of pain to her back occurred after she had a myelogram. Meeker's treating physicians have been unable to determine the etiology of her back problem. Although we have carefully reviewed the record, we are unable to conclude how the Commission treated Meeker's back pain in rendering its disability award. In its opinion (and the law judge's), the Commission fails to mention Meeker's back problem; nor did it attempt to relate her back pain to either the November or March episodes when she incurred injuries to her neck and shoulder. Nevertheless, the evidence does not indicate Meeker's neck and shoulder injuries were the sole bases for the Commission's award, especially in view of Meeker's testimony that she could not return to work because of her back.

The law applicable to the facts here is set forth in *Burks, Inc.* v. *Blanchard,* 259 Ark. 76, 531 S.W.2d 465 (1976),

wherein the Court, quoting from § 95.12 Larson on Work-men's Compensation, said:

> If the second injury takes the form merely of a recurrence of the first, and if the second incident does not contribute even slightly to the causation of the disabling condition, the insurer on the risk at the time of the original injury remains liable for the second. * * * This group . . . includes the kind of case in which a man has suffered a back strain, followed by a period of work with continuing symptoms indicating that the original condition persists and culminating in a second period of disability precipitated by some lift or exertion.

*Id.* at 80, 531 S.W.2d at 467. *See also Bearden Lumber Co.* v. *Bond,* 7 Ark. App. 65, 644 S.W.2d 321 (1983).

In the instant case, Meeker's back pain could have been caused by the first or second injuries or by the treatment she received for the injuries. Whichever the case may be, the Commission never found how the back pain was related, and we are unable to make that determination from the evidence. Therefore, we remand this cause for further proceedings and direct the Commission to make specific findings regarding (1) the evidence upon which it relied supporting its disability award, and (2) the law it applied, determining which party was responsible for payment of that award.

In remanding, we note Wal-Mart's argument that we should affirm the Commission's decision finding Wal-Mart not liable because there is no evidence linking Meeker's back problem with the period during which it was self-insured. As noted earlier, we agree that there is substantial evidence indicating Meeker's second injuries to her neck and shoulder were a recurrence of her first. However, we cannot say with certainty that the subsequent back pain could not have been caused solely by the second episode even though from the present state of the record, this conclusion seems unlikely. For this reason, we believe it would be premature to affirm

that part of the Commission's decision absolving Wal-Mart from liability in this cause.

Reversed and remanded.

COOPER and CLONINGER, JJ., agree.