HOLLEY ENTERPRISES v. Fred NICHOLLS and
SECOND INJURY FUND

CA 86-29                                  717 S.W.2d 495

Court of Appeals of Arkansas
Division I
Opinion delivered October 15, 1986

*Elcan Law Firm*, by: *Frank C. Elcan*, II, for appellant.

*David L. Pake*, for Second Injury Fund.

GEORGE K. CRACRAFT, Chief Judge. Holley Enterprises appeals from an order of the Arkansas Workers' Compensation Commission holding that it was solely liable for permanent total disability benefits payable to Fred Nicholls and that the benefits were not apportionable to the Second Injury Fund under the provisions of Ark. Stat. Ann. § 81-1313(i) (Supp. 1985). We find no error and affirm.

The facts are not in dispute. Fred Nicholls suffered from a congenital defect known as dyslexia. It is difficult if not impossible for one inflicted with dyslexia to learn to read or write. This congenital condition made it impossible for Nicholls to work in any employment other than as an unskilled manual laborer. He entered the work force in that capacity and never possessed the capacity to perform any other type of work. He had worked as a laborer to the full satisfaction of all of his employers and there was no evidence that at anytime he was incapable of earning wages appropriate for that type of employment. While working in that employment and without diminished earning capacity he sustained a compensable injury for which he was given an anatomical disability rating of five percent to the body as a whole.

On undisputed evidence the administrative law judge found that after the injury Nicholls was no longer able to perform manual labor and, due to his learning deficiency, it was not possible for him to acquire new skills. He found that the claimant's anatomical disability, when coupled with his learning deficiency, had rendered him permanently and totally disabled. The administrative law judge further ruled that, under the provisions of § 81-1313(i), the liability for benefits should be apportioned between the employer and the Second Injury Fund in accordance with that statute. On appeal, the Full Commission adopted the administrative law judge's findings of fact, affirmed his finding of total disability, but, following our decisions in *Osage Oil Co.* v. *Rogers*, 15 Ark. App. 319, 692 S.W.2d 786 (1985), and *Second Injury Fund* v. *Coleman*, 16 Ark. App. 188, 699 S.W.2d 401 (1985), reversed the ruling of the administrative law judge and declared that there could be no liability imposed on the Second Injury Fund under § 81-1313(i) and directed that the full benefits be paid by the appellant/employer. We agree and affirm.

The appellant argues that the Commission erred in holding

that the congenital dyslexia was not "a previous disability or impairment" which gives rise to a claim against the Second Injury Fund under our statute. This argument was previously rejected by this court in *Masonite Corporation* v. *Mitchell,* 16 Ark. App. 209, 699 S.W.2d 409 (1985), (decided six days after the opinion of the Commission was handed down in this case). The *Masonite* case cannot be distinguished from the one at bar in any material respect. There the claimant suffered from congenital mental retardation which limited his job opportunities to those involving unskilled manual labor. The claimant sustained a traumatic amputation of three fingers on his right hand in a job-related accident for which he was given an anatomical rating of seventy-five percent disability to his right arm. The Commission found that, as a result of the claimant's anatomical disability, coupled with his earning disabilities, he was rendered totally disabled, but that the disability was not subject to apportionment pursuant to § 81-1313(i). Following the decision in *Rooney* v. *Travelers Ins. Co.,* 262 Ark. 695, 560 S.W.2d 797 (1978), and our recent opinion in *Osage Oil Co., supra,* we affirmed the ruling of the Commission.

In *Rooney* our court recognized that our compensation act defines disability as "incapacity because of injury to earn, in the same or any other employment, the wages which the employee was receiving at the time of the injury," Ark. Stat. Ann. § 81-1302(e) (Repl. 1976), and that mental retardation existing at the time a worker initially enters the job market cannot constitute disability in the sense our act uses that word because compensation entitlement is based on previous earning capacity and measured by loss of that capacity. In *Masonite Corporation* v. *Mitchell, supra,* it was argued that *Rooney* was no longer applicable because of the wording of our present Second Injury Fund statute which uses the phrase "previous disability *or impairment*." Applying our decision in *Osage Oil Co., supra,* we held that the inclusion of the word "impairment" was intended only to make it clear that the first impairment did not have to be one which would be compensable under the act, but included non-work-related ones. We further held that the test was and is whether the prior impairment was effectively producing disability, in the sense our act defines that word, before the accident. We concluded in *Masonite* that although it was proper to consider the

congenital impairment as a work loss factor under the doctrine announced in *Glass* v. *Edens*, 233 Ark. 786, 346 S.W.2d 685 (1961), it was an inappropriate consideration on the question of apportionment because the dyslexia was not independently producing disability before the accident.

█ Here, as in *Rooney* and *Masonite*, the worker entered the labor market as an unskilled manual laborer. He was pursuing that employment without diminished earning capacity at the time of his injury. There was no evidence that the claimant could not have continued in the same or similar employment at the same wage he had always earned had it not been for his injury. We find no error in the Commission's conclusion that on these facts there was no Second Injury Fund liability and affirm its conclusion.

Affirmed.

GLAZE and COOPER, JJ., agree.