GLASS *v.* EDENS.

5-2422                                         346 S. W. 2d 685

Opinion delivered June 5, 1961.

*Spencer & Spencer,* for appellant.

*Wright, Lindsey, Jennings, Lester & Shults,* for appellee.

JIM JOHNSON, Associate Justice. On October 23, 1958, the appellant suffered a heart attack. In an opinion filed October 30, 1959, a referee of the Workmen's Compensation Commission held that the heart attack was a compensable injury. There was no appeal from this decision. Subsequently, another hearing was held to determine the extent of appellant's disability and in an opinion filed September 30, 1960, another referee found the appellant to have a permanent partial disability rating of 40% to the body as a whole. The Full Commission and the Circuit Court affirmed this decision, hence this appeal. The appellant contends that he is totally disabled within the meaning of the Arkansas Workmen's Compensation Act.

The appellees rely on two points: 1. That there is substantial evidence to sustain the decision of the Commission; and 2. That under the Workmen's Compensation Act, the compensation paid to appellant must be for the proportionate loss of use to the body as a whole.

Under the view we take of the case, only the second contention of appellees will be considered. Ark. Stats., § 81-1313 (d), provides:

"A permanent partial disability not scheduled in subsection (c) hereof shall be apportioned to the body as a whole, which shall have a value of 450 weeks, and there shall be paid compensation to the injured employee for the proportionate loss of use of the body as a whole resulting from the injury."

Appellees contend that this amended section of the Workmen's Compensation Act makes all injuries scheduled injuries and that an injured employee should only be paid for functional loss of use of his body.

We feel the Legislature's use of the term "loss of use of the body as a whole" in Ark. Stats., § 81-1313 (d), when read in the light of other sections of the Workmen's Compensation Law, which are not in conflict therewith, does not mean merely functional disability but includes, in varying degrees in each instance, loss of use of the body to earn substantial wages.

In *Larson on Workmen's Compensation Law,* § 57.10, it is stated:

"The key to the understanding of this problem is the recognition, at the outset, that the disability concept is a blend of two ingredients, whose recurrence in different proportions gives rise to most controversial disability questions: the first ingredient is disability in the medical or physical sense, as evidenced by obvious loss of members or by medical testimony that the claimant simply cannot make the necessary muscular movements and exertions; the second ingredient is de facto inability to earn wages, as evidenced by proof that claimant has not in fact earned anything.

"The two ingredients usually occur together; but each may be found without the other; a claimant may be, in a medical sense, utterly shattered and ruined, but may by sheer determination and ingenuity contrive to make a living for himself; conversely, a claimant may

be able to work, in both his and the doctor's opinion, but awareness of his injury may lead employers to refuse him employment. These two illustrations will expose at once the error that results from preoccupation with either the medical or the wage-loss aspect of disability. An absolute insistence on medical disability in the abstract would produce a denial of compensation in the latter case, although the wage-loss is as real and as directly traceable to the injury as in any other instance. At the other extreme, an insistence on wage-loss as the test would deprive the claimant in the former illustration of an award, thus not only penalizing his laudable efforts to make the best of his misfortune, but also fostering the absurdity of pronouncing a man non-disabled in spite of the unanimous contrary evidence of medical experts and of common observation. The proper balancing of the medical and the wage loss factors is, then, the essence of the 'disability' problem in workmen's compensation.''

The referee before whom the case was first tried stated in his opinion:

''In the case of *Jesse A. DeBin* v. *Kaiser Engineers,* reported Vol. 214, page 3 of the Opinions of the Full Commission, the Commission held that evidence other than clinical findings cannot be considered to arrive at a rating for permanent partial disability. I must therefore only consider the medical rating of disability.''

The maximum medical rating of disability in this case was 40%, which was allowed by the referee and affirmed by the Full Commission. Apparently, they also considered only medical evidence and this we consider error. Under the rule as set out in Larson, consideration should have been given, along with the medical evidence, to the appellant's age, education, experience, and other matters affecting wage loss.

Therefore, for the error indicated, the cause is reversed and remanded to the Circuit Court with directions to remand to the Workmen's Compensation

Commission for further proceedings consistent with this opinion.