MANN *v*. POTLATCH FORESTS.

5-3042                                         371 S. W. 2d 9

Opinion delivered October 7, 1963.

*Huey & Rothwell*, for appellant.

*Williamson, Williamson & Ball*, for appellee.

PAUL WARD, Associate Justice. This is a Workmen's Compensation case. Appellant, John T. Mann, appeals from a judgment of the circuit court which affirmed an order of the Commission. The Commission's order affirmed a former order awarding claimant $25 per week for a 25% permanent partial disability to the body as a whole. A brief summary of the pertinent facts will suffice to understand the issue to be decided.

Appellant (claimant) is a married man, 48 years old, who farms part time and at other times works for appellee (Potlatch Forests, Inc.) in the timber and lumber business. While in the course of his employment with appellee on October 30, 1956, claimant suffered a compensable injury to his back and in due course was awarded $25 per week pending a determination of his healing period.

In an opinion dated July 1, 1959 the Commission, after a hearing, made the following findings and conclusions; (a) claimant's healing period ended June 5, 1959, leaving him with a 25% permanent partial disability to the body as a whole; (b) claimant is entitled

to $25 per week for 112½ weeks dating from June 6, 1959; and (c) if claimant decides to undergo surgery and further medical attention it will be at his own expense because he has declined to accept such treatment from appellee, but has decided to accept the award above mentioned.

In August, 1961 appellee made the last payment to appellant pursuant to the above mentioned order. Shortly thereafter claimant initiated a claim for additional benefits, contending that he had developed a worsened condition and that he was temporarily totally disabled, or that his permanent partial disability was greater than 25% to the body as a whole. Appellee answering the claim, said (a) the Commission's order of July 1, 1959 concluded the rights of the claimant; (b) the condition of claimant had not worsened; and (c) if it had worsened it was the result of claimant's refusal to accept medical treatment.

At the hearing before the full Commission the only issue presented was whether appellant's disability (as a result of his original injury) was greater than that found by the Commission in its order of July 1, 1959— 25% permanent partial disability to the body as a whole. A determination of the above mentioned issue involved a fact question, depending on competent testimony. That the conclusion of the Commission must be upheld if it is supported by substantial evidence is too well established to require citations. As previously stated, the Commission found that there had been no increase in appellant's disability.

We believe it would serve no useful purpose to set out fully the testimony of the several witnesses. It must be conceded that appellant and his wife and Dr. Carruthers — all — testified definitely that appellant's disability was (at the time of the hearing) greater than it was on July 1, 1959. It must also be conceded that the testimony of all the other doctors was to the effect that appellant's disability has increased since July 1, 1959. It is, however, undisputed that Drs. Padberg and Agar testified that appellant's increased disability was due

to pulmonary emphysema and not to his original injury. In the testimony of Dr. Carruthers pulmonary emphysema is not even mentioned. We gather from appellant's argument that he does not dispute the facts just pointed out. He does, however, ably and forcefully rely for a reversal on the point presently discussed.

Appellant's contention is to the effect that the testimony of Drs. Padberg and Agar should be discarded because they gave no consideration to claimant's age, occupation, etc. In support, appellant relies on what we recently said in *Glass* v. *Edens,* 233 Ark. 786, 346 S. W. 2d 685. There, in a somewhat similar situation, we said:

". . . consideration should have been given, along with medical evidence, to the appellant's age, education, experience, and other matters affecting wage loss."

We believe appellant has misconstrued our holding in the *Glass* case or has misapplied it to the facts in this case. First, conceding for the purpose of this opinion that the testimony of Drs. Padberg and Agar does not positively show they took into consideration appellant's age, occupation, etc., that fact would be of no avail to him. [It is noted, however, that Dr. Padberg did take into consideration claimant's age, occupation, etc.] The *Glass* opinion places the duty on the Commission, and not the doctor, to consider the elements mentioned above. In the cited case we said: "Apparently, they also considered only medical evidence and this we consider error." The word "they" obviously refers to the Commissioners and not the doctors. In the next place, appellant is in no position to contend the Commission failed to take into consideration his age, occupation, etc. The record shows that the Commission was made aware of our holding in the *Glass* case, and we cannot say it did not follow that holding here in arriving at appellant's disability.

Finding substantial competent evidence to sustain the order of the Commission, we hereby affirm the same.

Affirmed.