Howard LYBRAND *v.* ARKANSAS OAK FLOORING CO. and LIBERTY MUTUAL INS. CO.

CA 79-52                              588 S.W. 2d 449

Opinion delivered October 3, 1979
and released for publication October 31, 1979

*Joseph W. Swaty,* for appellant.

*Coleman, Gantt, Ramsay & Cox,* by: *Martin G. Gilbert,* for appellee.

ERNIE E. WRIGHT, Chief Judge. This appeal of a Workers' Compensation case to the Arkansas Supreme Court has been assigned to the Court of Appeals pursuant to Rule 29(3).

The administrative law judge found that Howard Lybrand, appellant, did not sustain an injury arising out of and in the course of the employment with the appellee. The full Commission and the circuit court agreed.

The records show appellant, age 64, had worked for respondent for 36 years. He had driven a truck, a dozer and a front-end loader. Prior to the incident out of which the claim arose, he was hospitalized in October, 1976 under the care of Dr. J. William Nuckolls at Pine Bluff with abdominal complaints. Exploratory surgery was done on November 4, 1976 and a small aneurism of the aorta was found and repaired. He was hospitalized twice before for ulcers and on one of the occasions he hemorrhaged. His right eye had previously been removed because of cancer. After surgery Dr. Nuckolls on December 20, 1976 wrote a memo that appellant should not return to work before February 1, 1977.

Appellant returned to work on February 1, 1977 and on February 14, 1977, while operating a font-end loader moving logs the right front wheel dropped into a little hole, and the steering wheel jerked his arm. He experienced pain in his neck and in the back of his head. He told his foreman he had hurt his shoulder and neck and would have to go to the doctor. He went to Dr. Carter in Sheridan who made arrangements for him to be hospitalized at Pine Bluff that same day under the care of Dr. Nuckolls, the internal medical specialist who had previously cared for appellant. His complaint as shown by the hospital admission report was weakness in his left side which developed while at work that morning. No mention was made of any injury in the admission report. He had mild hypertension at the time of admission. Dr. Nuckolls called on Dr. P. B. Simpson, Jr. for consultation and after observation of the patient and from tests results available Dr. Simpson and Dr. Nuckolls agreed appellant probably had a small stroke involving his right middle cerebral artery. He was put to bed and given medication to decrease swelling in his head caused by the brain damage and was discharged March 2, 1977. The final diagnosis by Dr. Nuckolls was right middle cerebral arterial occulsion affecting his left side and hypertension. Dr. Nuckolls testified in a deposition that he thought appellant probably suffered a stroke at his work on February 14, 1977, but doubted it was causally related to his employment and in his opinion it is highly unlikely driving a font-end loader which hit holes and jarred would be severe enough to bring about a stroke. He stated if a person gets a "fairly severe

blow" to the head or neck that ruptures a blood vessel going to the head a cerebrovascular accident could develop. There was no evidence that appellant received a blow to his head or neck. Dr. Nuckolls testified in his opinion appellant likely would have experienced the stroke when he did wherever he had been and whatever he might have been doing.

Appellant was later hospitalized on March 11, 1977 under the care of Dr. Herbert R. Wineland. This was the first time Dr. Wineland saw appellant. He could find no evidence of back or neck injury of the type that could cause a cerebral vascular incident in his opinion. He stated that trauma cannot be the underlying cause of cerebral thrombosis, that the most trauma can do is perhaps aggravate such a condition, and that it is extremely difficult to identify trauma as even an aggravating cause. He stated he would not disagree if Dr. Nuckolls who saw appellant immediately after the February incident expressed the opinion claimant likely would have suffered the stroke whether he had been at work or at home.

There was a complete absence of any medical expression of opinion that there was a causal relationship between any occurrence at work and the stroke for which appellant was hospitalized and treated.

The burden of proof was on appellant to establish that he suffered disabling injury arising out of his employment. The decision of the Commission found that the burden had not been met, and on appeal this court only determines whether there is substantial evidence to support the finding of the Commission. We find that there was in fact substantial evidence to support the Commission's finding. *Ruby Turner* v. *Lambert Construction Company, et al,* 258 Ark. 333, 524 SW 2d 465.

The appellant urges six points for reversal which will hereafter be separately discussed.

## I

Appellant contends the case should be reversed because allegedly the Commission made no findings of fact and there

was no substantial evidence to support the decision.

In affirming the decision of the administrative law judge, after reviewing the entire record, the Commission in effect adopted the findings and conclusions of the administrative law judge. The Commission's action made the findings and conclusions of the administrative law judge also the findings and conclusions of the Commission. The Commission's opinion concluded the preponderance of the evidence showed the cerebral vascular condition did not arise out of and in the course of the employment. There is no merit to the contention that there is no substantial evidence to support the decision of the Commission. On the contrary, there is substantial medical evidence to support the finding that appellant failed to establish he sustained a compensable injury arising out of his employment, and there was a lack of medical evidence establishing a causal connection between appellant's stroke and his employment. *Allied Telephone Co.* v. *Rhodes,* 248 Ark. 677, 454 S.W. 2d 93.

## II

Appellant contends the circuit court erred in failing to make any findings of fact in simply affirming what appellant refers to as the administrative law judge's opinion. The judgment of the circuit court affirmed the decision of the full Commission. The fact that the judgment of the circuit court was likewise in accord with the decision of the administrative law judge is of no consequence. We find no error in the actions of the court.

## III

Appellant argues that all "doubtful" cases should be resolved in favor of the claimant. This principle cannot be extended to satisfy the requirement of proof that a claimant has suffered a compensable disabling injury arising out of his employment. Liberality in the application of the Workers' Compensation Act does not extend to allowance of claims absent proof of one of the essential elements. Causation is one of the essential elements. Ark. Stat. Ann. § 81-1302 (d) (Repl. 1976). None of the medical evidence offerred in this case ex-

presses an opinion that appellant's stroke was caused by anything that happened during the course of his work. On the contrary, the medical evidence tended to rule out a causal relationship between the accident described by appellant and the stroke. The cause of a stroke, which is the occlusion of a blood vessel in the brain, is a type of medical problem susceptible of determination only by expert medical opinion, as opposed to some type of injury, such as a broken leg, that can be observed by the average lay person.

## IV

Appellant contends the circuit court erred in refusing to reverse the Commission and that apparently the court thought it did not have the authority to reverse the Commission.

We hold there was substantial evidence to sustain the decision of the Commission and it was the duty of the Court to affirm. Ark. Stat. Ann. § 81-1325(b) (Repl. 1957).

In the case of *Allied Telephone Co., et al* v. *Leo Rhodes,* claimant sought compensation alleging injury of two vertebrae while moving heavy equipment.

There was opinion evidence by a chiropractor indicating two vertebrae had been fractured. Dr. Robert Watson, who later examined claimant and performed surgery for his problem, testified the lifting incident described by claimant was not a precipitating factor in his final problem, but was a coincidental factor, and that incident to the surgery he was able to actually see the content of the bone and determine it was diseased bone rather than fractured. He found no evidence of a crack or healing crack in the vertebrae involved. The Commission had denied the claim and the circuit court reversed and allowed the claim. On appeal the Supreme Court held there was substantial evidence to support the Commission's findings, reversed the judgment of the circuit court and ordered reinstatement of the order of the Commission denying compensation. The court pointed out it was not proper for the circuit court to weigh the testimony but only to

determine whether there was substantial evidence to support the findings of the Commission.

## V

Appellant contends the court erred in affirming the Commission because the Commission failed to make any detailed findings.

We have pointed out above the action of the Commission in affirming the decision of the administrative law judge had the effect of making the findings of the administrative law judge the findings of the Commission. It is clear in the Commission's opinion that the Commission concluded the evidence failed to establish the necessary causation connecting appellant's cerebral vascular incident with his work. Mere coincidence is not to be equated with causation. *Clark* v. *Peabody Testing Service,* 256 Ark. 489, 579 SW 2d 360 (1979).

## VI

Appellant contends the Commission acted without or in excess of its powers and that it has the power only to decide cases in accord with court decisions.

We do not find the decision of the Commission to be in conflict with Supreme Court decisions. It was the duty of the Commission to determine the issue of causation and there is substantial evidence to support the decision that causation was not established.

The judgment of the circuit court is affirmed.

HOWARD, J., dissents.

GEORGE HOWARD, JR., Judge, dissenting. It is universally recognized that the findings of the Workmen's Compensation Commission will be affirmed when supported by substantial evidence. Substantial evidence is nothing more than competent, authentic and trustworthy evidence supportive of the Commission's holding. Indeed, evidence which is

speculative and uncertain in scope and range does not meet the substantiality standard.

A careful review of the record discloses that the Commission's holding denying the claimant — a 63 year old white male who has been employed by respondent for 36 years and who was released prematurely, from a previous injury, to return to his employment — benefits on the ground that claimant's present condition — a stroke resulting in total disability when one wheel of a front-end loader dropped in a hole, a machine used for unloading logs, which claimant was operating jerking claimant's arm and neck causing claimant to cease work immediately — would have occurred ultimately, whether on or off the job, is not supported by persuasive and indisputable evidence.

Moreover, to futher assert that claimant failed to meet the burden of proof to establish the causal connection between the trauma and the stroke resulting in his immediate disability is simply begging the issue. It is plain that in determining whether a disputed claim under the Worker's Compensation Law should be allowed, a liberal interpretation is given in favor of claimant.

Accordingly, I would reverse the holding of the Commission and the Grant County Circuit Court.