John SMELSER *v.* S.H.&J.
DRILLING CORPORATION and
TRI-STATE INSURANCE COMPANY

CA 79-223                                     593 S.W. 2d 61

Opinion delivered January 9, 1980
Released for publication January 30, 1980

*Thomason, Thomason & Timmons,* by: *Bryon Thomason,* for appellant.

*Shackleford, Shackleford & Phillips, P.A.,* for appellees.

MARIAN F. PENIX, Judge. Claimant, John Smelser, sustained an injury to his left arm and to his back arising out of and in the course of his employment with S.H.&J. Drilling Corporation. The injury occurred October 6, 1975. The administrative judge awarded a 70% permanent partial dis-

ability rating to the body as a whole considering economic factors. He found claimant anatomically had received 45% permanent partial physical impairment to the body as a whole. Claimant appealed to the Commission contending he is permanently and totally disabled. S.H.&J. cross-appealed contending claimant had 45% permanent partial physical disability to the body as a whole. In a 2-1 decision the Commission awarded 45% permanent partial disability which did not include an award for loss of earning capacity. Claimant appeals contending he is permanently and totally disabled, or in the alternative, has a higher rating of disability than claimed by S.H.&J.

The record reveals claimant had been farming for several years and had worked at other jobs, including truck driving and oil field work. After the injury occurred the claimant was renting 100 acres, and running 30 head of cattle, had hired 2 employees to operate haybaling equipment along with his teen-age son.

His accident on a derrick resulted in severe injury to his arm. An operation and skin grafts were necessary. Dr. Norris Knight, an orthopedic surgeon, ascribed 45% anatomical disability to the whole body — 40% attributable to the arm injury and 5% to the back. Dr. Knight wrote "He can't do any manual labor because his arm and back won't let him, so he's going to have to do something in the mental manner that doesn't require fine use of his left arm. I think he could do something like a dry watchman job which requires being on the premises for 12 hour periods where he could be seated or standing."

Nine months after the accident the claimant worked 72 hours one week dry watching a rig for appellee S.H.&J. He said he declined to continue because of pain and muscle spasms. The claimant has refused to enter any program for rehabilitative training.

I

The claimant contends the Commission denied benefits in excess of his 45% physical impairment because he did not pursue vocational rehabilitation. The Commission stated:

We do not feel that the evidence shows that the Claimant has sustained disability in excess of his rating of physical impairment as the Claimant did not pursue vocational rehabilitation, notwithstanding directions of this Commission to do so. The Claimant refused rehabilitation evaluation for reasons best known to himself.

The Claimant contends the Commission erred in penalizing him for failure to submit to a program of vocational rehabilitation. Claimant argues if Ark. Stat. Ann. § 81-1310(F) Rehabilitation is procedural then the 1979 Amendment became effective on March 2, 1979 and the Commission's opinion penalizing the claimant for failure to accept vocational rehabilitation was filed July 3, 1979, and is without the power of the Commission. The claimant further contends if the statute be construed to be substantive, then the original Ark. Stat. Ann. § 81-1310(F) Rehabilitation is controlling since it was not amended until 1976. Claimant contends neither statute is susceptible of a construction that would deny the claimant benefits for failure to accept rehabilitation.

We find the claimant has misconstrued the meaning of the rehabilitation section of the Workers' Compensation law. It makes no difference whether we consider Section 10(F) before or after the amendment. The amendment provides that an employee shall not be *required* to enter any program of vocational rehabilitation against his consent. Whether or not an injured employee can be retrained is a pertinent factor for the Commission to consider in determining the amount, if any, of wage earning loss. If no rehabilitative evaluation is made the Commission has no way of knowing whether the employee could have been retrained. By analogy if certain proven surgical procedures are available and there is indication the employee's disability could be diminished by same, and the employee declines to submit to such procedures, certainly the Commission has the right to consider this in determining the employee's disability. It has long been held in Arkansas that rehabilitation potential is an important factor in determining loss of wage-earning capac-

ity, *Arkansas Best Freight, Inc.* v. *Brooks,* 244 Ark. 191, 424 S.W. 2d 377 (1968).

## II

Claimant contends the record lacks sufficient evidence upon which the Commission could have made such an award.

The claimant has received a GED diploma, which is the equivalent of a high school education. He has proven himself to be a businessman, overseeing the operation of a cattle farm, doing custom haybaling with equipment which he owns. He has been gainfully employed overseeing the farm's operation and the custom haybaling, all since his injury.

Our task is to determine whether there was substantial evidence upon which the Commission made its finding. We cannot say the evidence was insubstantial. Therefore we must affirm the Commission. We have reviewed the evidence and made all reasonable inferences deducible therefrom in the light most favorable to the Commission's finding which, like those of a jury, will be upheld if there is any substantial evidence to support the Commission's action. *Northwestern National Insurance Co. and Bearden Enterprises* v. *Weast,* 253 Ark. 710, 488 S.W. 2d 332 (1972).

Affirmed.