Pearline OLLER *v.* CHAMPION PARTS REBUILDERS, INC. and CONTINENTAL INSURANCE CO.

CA 81-438                                            635 S.W.2d 276

Court of Appeals of Arkansas
Opinion delivered June 9, 1982
Released for publication June 30, 1982

*Dowd, Harrelson & Moore*, by: *Gene Harrelson*, for appellant.

*Chester Lowe*, for appellee.

MELVIN MAYFIELD, Chief Judge. Pearline Oller appeals from a decision of the Workers' Compensation Commission which denied her claim for total and permanent disability. We affirm.

Appellant sustained a compensable injury to her back in June of 1978. In December of that year, after having received conservative treatment, she underwent surgery for the removal of two discs. At a hearing before an administrative law judge the employer admitted to a permanent partial disability of 15% to the body as a whole but the judge awarded appellant permanent and total disability. On appeal by the employer the commission reduced the award to 25% permanent partial disability to the body as a whole. In its opinion, the commission said:

> [A]fter carefully reviewing all the evidence of record herein, including the fact that the claimant has not made any attempt to return to gainful employment and has indicated that she is not interested in exploring vocational rehabilitation, and after according this claimant the benefit of liberal construction to which she is entitled, we find the claimant in this case has not sustained her burden of proof by a preponderance of the evidence that she is permanently and totally disabled.

> However, we cannot agree with respondents that the claimant has not sustained any wage loss impairment as a result of her admittedly compensable injury. From our review of the evidence we find that the award of permanent disability in this case should be reduced to twenty-five percent permanent partial disability to the body as a whole.

In her appeal to this court, Mrs. Oller cites her testimony that she is 54 years of age with an eighth grade education, has performed heavy manual labor all her life, must now wear a back brace, has continual pain, cannot stand for more than thirty minutes at a time, and cannot even do her own housework; and she contends these facts, coupled with the medical evidence, demonstrate that the commission's decision is not supported by substantial evidence.

The medical evidence consists mainly of reports from appellant's family doctor and reports and a deposition from

the neurosurgeon who performed her disc surgery. A report from her family doctor states that, in his opinion, appellant is totally and permanently disabled. Reports from the neurosurgeon say appellant is totally disabled from "going back to any type of stooping, lifting or bending on a continuous basis" and that, in his opinion, she is totally and permanently disabled. In his deposition, the neurosurgeon testified that appellant had a 15% permanent partial disability to the body as a whole and said it would be conjecture whether she could do sedentary type of work, adding "that's not for me to determine."

Appellant argues that the appellees offered no lay or medical evidence to rebut her evidence and that the commission's award should be set aside and the law judge's award should be reinstated.

In the first place, the Arkansas Supreme Court has said "we give the law judge's findings no weight whatever." *Clark* v. *Peabody Testing Service,* 265 Ark. 489, 579 S.W.2d 360 (1979). Or, as we said in *Jones* v. *Scheduled Skyways, Inc.,* 1 Ark. App. 44, 612 S.W.2d 333 (1981):

> The duty of the Workers' Compensation Commission is to make a finding in accordance with the preponderance of the evidence and not on whether there is any substantial evidence to support the findings of the Administrative Law Judge.

And in the second place, we must view and interpret the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the commission and give the testimony its strongest probative force in favor of the action of the commission, whether it favored the claimant or the employer. *Clark* v. *Peabody Testing Service; Jones* v. *Scheduled Skyways, Inc.*

In determining whether the evidence supports the award of the commission we must keep in mind that disability, within the meaning of workers' compensation law, does not mean merely functional disability but includes, in varying degrees in each instance, loss of use of the

body to earn substantial wages. *Glass* v. *Edens,* 233 Ark. 786, 346 S.W.2d 685 (1961). That opinion also quotes from *Larson on Workmen's Compensation Law* that "the proper balancing of the medical and the wage loss factors is, then, the essence of the 'disability' problem in workmen's compensation." We have said that the balancing of those factors is a responsibility of the commission. *Chicago Mill & Lumber Co.* v. *Greer,* 269 Ark. 895, 902, 601 S.W.2d 583 (Ark. App. 1980), *rev'd on other grounds,* 270 Ark. 672 (1980). That statement is supported by a citation to *Mann* v. *Potlatch Forests,* 237 Ark. 8, 371 S.W.2d 9 (1963) where the court said it was the duty of the commission, not the doctor, to determine disability from a consideration of the medical evidence together with other elements such as the claimant's age, education, experience, and other matters affecting wage loss.

While doctors are experts on functional or anatomical loss, they are not deemed to be experts on wage loss disability or loss of earning power capacity unless such qualifications are shown. On the other hand, in *Rooney & Travelers Ins. Co.* v. *Charles,* 262 Ark. 695, 699, 560 S.W.2d 797 (1978), the court referred to a prior decision where it said:

> [A]lthough the commission's knowledge and experience is not evidence, once it has before it firm medical evidence of physical impairment and functional limitations, it has the advantage of its own superior knowledge of industrial demands, limitations and requirements and can apply its knowledge and experience in weighing the medical evidence of functional limitations together with other evidence of the manner in which the functional disability will affect the ability of an injured employee to obtain or hold a job and thereby arrive at a reasonably accurate conclusion as to the extent of permanent partial disability as related to the body as a whole.

In the instant case, Mrs. Oller testified that her husband owned four hundred and thirty acres of land on which they had operated a family-owned business of hog farms, fish farms, and "just everything," and that she had helped with

the office work by doing a "little filing" and "taking telephone messages and things." There is nothing in the record to show that the doctors who treated Mrs. Oller knew anything about the fact that she had done some type of office work for the family-owned business. It was proper for the commission to consider this situation in making its determination.

Also, there is the matter of the appellant's lack of interest in exploring vocational rehabilitation. This was referred to in the commission's opinion and while Ark. Stat. Ann. § 81-1310 (f) (Supp. 1981) provides an employee "shall not be required to enter any program of vocational rehabilitation against his consent," the Arkansas Supreme Court has said:

> Whether or not an injured employee can be retrained is a pertinent factor in determining the amount, if any, of wage earning loss. If no rehabilitation evaluation is made the commission has no way of knowing whether the employee could have been retrained.

*Smelser* v. *S.H.&J. Drilling Co.*, 267 Ark. 996, 593 S.W.2d 61 (1980).

In a recent case we upheld the commission's award of 35% permanent partial disability to a claimant who testified that while he could not follow his former occupation as a welder, he had made no real effort to either seek employment in other fields for which his education and experience might qualify him or to determine whether he was able to perform the duties of such other pursuits. In that case, the commission had found that these circumstances effectively blocked full assessment of all factors in determining ultimate disability. *Rapley* v. *Lindsey Const. Co.*, 5 Ark. App. 31, 631 S.W.2d 844 (1982).

If, in the instant case, appellant's lack of interest in exploring vocational rehabilitation was an impediment to the commission's full assessment of appellant's loss of earning capacity, she cannot be heard to complain of that now. The commission has found she has not sustained her

burden of proving, by a preponderance of the evidence, that she is permanently and totally disabled. We cannot say its finding of 25% permanent partial disability is not supported by substantial evidence.

Affirmed.

COOPER, J., dissents.