Loretta NICHOLAS *v.* HEMPSTEAD COUNTY
MEMORIAL HOSPITAL and ST. PAUL INSURANCE
COMPANY

CA 83-125                                           658 S.W.2d 408

Court of Appeals of Arkansas
Division I
Opinion delivered October 12, 1983

262

*Denver L. Thornton,* for appellant.

*Shackleford, Shackleford & Phillips, P.A.,* for appellees.

JAMES R. COOPER, Judge. In this workers' compensation case, the appellant claimed that she was permanently and totally disabled. The appellee carrier admitted a 30% permanent partial disability. The administrative law judge found that the appellant had failed to prove that she was entitled to any additional benefits beyond the 30% disability rating and the Workers' Compensation Commission affirmed. From that decision, comes this appeal.

The appellant, Loretta Nicholas, was employed by the appellee, Hempstead County Memorial Hospital, as a licensed practical nurse. On April 17, 1973, the appellant was assisting in the emergency delivery of a baby. When the

mother, who was a large woman, grabbed the appellant around the waist and began to pull, the appellant's back popped, rupturing a disk. Surgery was performed and the insurance carrier, St. Paul Insurance Company, admitted responsibility for a 30% permanent partial disability rating.

On December 17, 1980, a hearing was held concerning the appellant's claim for additional benefits for permanent and total disability. The appellant testified that she had been unable to return to work because of the constant pain in her back. She claimed to have pain not only while sitting, standing, and walking, but in practically all activities.

After hearing the evidence, the administrative law judge found that the appellant was not entitled to more than the 30% permanent partial disability rating already accepted by the insurance carrier for the employer. The administrative law judge also found that the appellant's actual wage earning loss could not be ascertained because of the appellant's refusal of vocational rehabilitation. He stated:

> . . . In the second place, she has steadfastly refused rehabilitation, which puts this examiner in no position to ascertain what her actual wage earning loss might be . . .
>
> \* \* \*
>
> In this case not only has the claimant declined to be evaluated, or participate in a possible retraining program, she has adamantly stated that even were she able to return to work, she would not. Given those circumstances, it is impossible for this examiner to have any notion as to what wage earning loss she has, in fact, suffered. It occurs to me that for anyone to make that kind of assessment would be engaging in the most frivolous kind of speculation and conjecture given the current state of the law.

The appellant appealed the administrative law judge's decision to the Workers' Compensation Commission. In filing her appeal, the appellant sought to submit the report of Dr. Douglas Stevens, a psychologist and vocational

expert, as additional evidence. The Workers' Compensation Commission refused to accept the evidence and adopted the opinion of the administrative law judge. In affirming the denial of additional benefits, the Commission observed that it was hard to reconcile the appellant's negative attitude toward vocational rehabilitation with her apparent ability to turkey hunt.

For her first point for reversal, the appellant argues that the finding by the Commission that she had refused vocational rehabilitation is not supported by substantial evidence. We disagree.

The appellant argues that she has participated in the only rehabilitation program offered to her by the appellees. In 1979, the appellant was treated by Dr. Don Birmingham, a psychologist, and his staff at the North Central Arkansas Mental Health Center. The appellant stayed twenty days at the Center and admitted that some positive results occurred. She argues that this is the only program which has been offered to her.

Dr. Birmingham testified at the hearing before the administrative law judge that he felt that it was the appellant's poor attitude that prevented her from being retrained. On a questionnaire the appellant filled out at the Center, the appellant was asked whether she would work if she had no pain and the appellant answered no. The appellant was also asked at the hearing if she was willing to enter a rehabilitation program and she responded that she would not. She also stated that she had no intention of returning to work or trying to be rehabilitated.

On appeal, this Court must review the evidence in the light most favorable to the Commission's decision and affirm that decision if it is supported by substantial evidence. Before we may reverse a decision of the Commission, we must be convinced that fair-minded persons, with the same facts before them, could not have reached the conclusion arrived at by the Commission. *Office of Emergency Services* v. *Home Ins. Co.,* 2 Ark. App. 185, 618 S.W.2d 573 (1981); *Bunny Bread* v. *Shipman,* 267 Ark. 926, 591 S.W.2d

692 (Ark. App. 1980). The issue is not whether this Court would have reached a different result than the Commission or whether a contrary finding could be supported. *Bankston v. Prime West Corp.,* 271 Ark. 727, 610 S.W.2d 586 (1981). After reviewing the record as required, we find that there is substantial evidence to support the finding by the Commission that the appellant refused rehabilitation.

The appellant also argues that the administrative law judge and the Commission erred in deciding that the appellant's refusal to participate in rehabilitation precluded or prevented a determination of her actual wage earning loss. We agree with the appellant on this point.

In *Oller* v. *Champion Parts Rebuilders, Inc.,* 5 Ark. App. 307, 635 S.W.2d 276 (1982), this Court stated:

> In determining whether the evidence supports the award of the commission we must keep in mind that disability, within the meaning of the workers' compensation law, does not mean merely functional disability but includes, in varying degrees in each instance, loss of use of the body to earn substantial wages. *Glass* v. *Edens,* 233 Ark. 786, 346 S.W.2d 685 (1961). That opinion also quotes from *Larson on Workmen's Compensation Law* that "the proper balancing of the medical and the wage loss factors is, then, the essence of the 'disability' problem in workmen's compensation." We have said that the balancing of those factors is a responsibility of the commission. [Citations omitted.]

This Court further stated:

> Also, there is the matter of the appellant's lack of interest in exploring vocational rehabilitation. This was referred to in the commission's opinion and while Ark. Stat. Ann. § 81-1310 (f) (Supp. 1981) provides an employee 'shall not be required to enter any program of vocational rehabilitation against his consent,' the Arkansas Supreme Court has said:

Whether or not an injured employee can be retrained is a pertinent factor in determining the amount, if any, of wage earning loss. If no rehabilitation evaluation is made the commission has no way of knowing whether the employee could have been retrained.

*Smelser* v. *S. H. & J. Drilling Co.,* 267 Ark. 996, 593 S.W.2d 61 (1980).

Thus, although the appellees cannot force the appellant to participate in a vocational rehabilitation program and while the failure by the appellant to participate will not bar her claim, her failure to participate may prevent the Commission from being able to fully assess her wage earning loss, if any.

There appears to be ample medical and lay testimony in the record for a determination of the appellant's wage earning loss, if any. As noted above, her refusal to participate in rehabilitation may make the Commission's job more difficult. Although that is a problem created by the appellant, her refusal to participate in rehabilitation cannot be treated as a bar to an assessment of wage earning loss. To hold otherwise would be to effectively force workers into evaluation or rehabilitation as a condition precedent to a finding of wage earning loss in excess of the anatomical rating. This case must be remanded to the Commission with directions that the appellant's wage earning loss be determined on the available evidence, or on such other evidence as the Commission may direct or permit to be included in the record.

The appellant also argues that the Commission should have accepted the report of Dr. Douglas Stevens as additional evidence. His report was offered several months after the administrative law judge's decision and two years after the initial hearing on additional benefits. The appellant contends that since Dr. Stevens was a psychologist and a vocational expert, his report was necessary in light of the administrative law judge's conclusion that he was unable to determine the appellant's actual wage earning loss.

Arkansas Statutes Annotated § 81-1327 (c) (Supp. 1983) provides in pertinent part:

> Each party shall present all evidence at the initial hearing. Further hearings for the purpose of introducing additional evidence will be granted only at the discretion of the hearing officer or Commission. A request for a hearing for the introduction of additional evidence must show the substance of the evidence desired to be presented.

In *Haygood* v. *Belcher,* 5 Ark. App. 127, 633 S.W.2d 391 (1982), this Court stated:

> Clearly the Commission is vested with discretion in determining whether and under what circumstances a case appealed to them should be remanded for taking additional evidence. *On appeal an exercise of that discretion will not be lightly disturbed.* [Emphasis supplied.]

Since the case is being remanded for further proceedings, we need not decide this issue. Further, because the case is being remanded, we find it unnecessary to deal with the appellant's argument concerning the turkey hunting incident.

Reversed and remanded.

CLONINGER and GLAZE, JJ., agree.