Don CHISM *v.* Grady JONES

CA 83-178                                    658 S.W.2d 417

Court of Appeals of Arkansas
Division II
Opinion delivered October 12, 1983

*Michael Redden,* for appellant.

*Tom Forest Lovett, P.A.,* by: *Tom. F. Lovett,* for appellee.

LAWSON CLONINGER, Judge. In this workers' compensation case, appellant, Don Chism, was injured on December 8, 1979, in the shop of appellee, Grady W. Jones, where appellant had worked as a mechanic for seventeen years. The injury required surgery on appellant's back. Two doctors rated appellant's anatomical disability at 20%. A chiropractor rated the anatomical disability at 50%. Permanent partial disability benefits in the amount of 20% were awarded by the Administrative Law Judge, and the full Commission adopted the law judge's opinion. Appellant now brings this appeal, contending that he is totally and permanently disabled.

Appellant urges two points for reversal: that the Commission erred (1) in finding that appellant had refused all efforts toward rehabilitation, and (2) by refusing consideration of wage loss disability. We find merit in both of appellant's contentions and we reverse and remand.

The law judge found that appellant " . . . has flatly turned down all efforts at vocational rehabilitation . . . , " and that finding was adopted by the full Commission as its own. A decision of the Workers' Compensation Commission will be affirmed if there is any substantial evidence to support it, but whether the evidence is substantial in nature is a question of law. *Cummings* v. *United Motor Exchange,* 236 Ark. 735, 368 S.W.2d 82 (1963).

There is no substantial evidence to support the finding of the Commission that appellant had turned down all efforts toward rehabilitation. The only evidence on the issue was given by appellant and Dr. Kirk Parry. Appellant did testify that he did not believe he could do any type of work because of his pain, but that if he could find something he could do he would be willing to go back to work. When appellant was asked on cross examination if he wanted to undergo vocational training, he replied, "If anyone thinks they can help me to get back to where I can have gainful employment, I am willing to do whatever." At that point the law judge conducting the hearing questioned appellant as follows:

270

Mr. Emerson:

Mr. Chism, what I think he's trying to do is, and let me ask you this, are you willing to cooperate and try?

Witness:

Yes, sir.

Mr. Emerson:

Or do you feel like you've got too much pain that you're not willing to cooperate and try?

Witness:

With the pain that I have, I don't believe I can do any good, but if they are willing to undergo some kind of training program, I'll go through with it.

At another point in his testimony appellant responded as follows:

Q. My question to you again, Mr. Chism, do you want to undergo any training program or would you rather not at this time? I'm asking you if you want to or not; I'm not asking why.

A. Yes, I would undergo anything that I could get gainful employment out of; I'd be willing to go with it.

The conclusion must be reached that appellant never refused rehabilitation in his testimony at the hearing.

In October, 1981, while appellant was a patient in the Pain Control Program at Central Baptist Hospital, Little Rock, he was referred to Dr. Parry, a counseling psychologist. The purpose of the referral was to help appellant decide on future vocational possibilities. Dr. Parry summarized his report as follows:

Mr. Chism was negative about the Pain Control Program, feeling he hadn't made much progress in

pain management. He was rigidly fixed on the idea that flight training with the goal of commercial crop dusting is the only vocational avenue that made sense for him, considering physical limits, interest factors, and salary levels. Testing suggested that might not be unwarranted from an ability standpoint, but the patient was rather closed to other practical factors that were pointed out. He was informed that he could undergo further evaluation/counseling as an out-patient here or elsewhere in the future if it became necessary to look into other vocational rehabilitation alternatives.

Both Dr. Parry and Dr. Warren Boop, the admitting physician for appellant under the Pain Program, felt that appellant's desire for a flying training program was un-realistic in view of appellant's education and experience. However, appellant was not placed in any vocational rehabilitation program and no future interview with Dr. Parry was scheduled. There was no substantial evidence in the report of Dr. Parry that appellant had flatly refused rehabilitation.

The findings of the law judge, adopted by the full Commission, were concluded by the following observation:

Any consideration of wage loss disability is negated by the claimant's attitude toward Vocational Rehabilitation, and he is certainly far from being totally disabled.

The import of the Commission's conclusion appears to be that any consideration of wage loss disability is *precluded* by the claimant's attitude toward rehabilitation. Certainly, whether appellant can be retrained is one of the factors to be considered in a determination of his wage loss disability. *Smelser* v. *S. H. & J. Drilling Corp.,* 267 Ark. 996, 593 S.W.2d 61 (Ark. App. 1980). It is not the only factor.

Many factors are to be considered in a determination of wage loss disability. In *Glass* v. *Edens,* 233 Ark. 786, 346 S.W.2d 685 (1961), the Arkansas Supreme Court held that the

Commission was in error when it considered only medical evidence. The court ruled that consideration should have been given, along with the medical evidence, to the appellant's age, education, experience, and other matters affecting wage loss. This court recognized the *Glass* v. *Edens* principle in *Rapley* v. *Lindsey Construction Co.*, 5 Ark. App. 31, 631 S.W.2d 844 (1982).

In this case, one of the "other matters" to be considered would be whether appellant can be retrained for other employment. The fact that he has only a seventh grade education, is largely a self-taught mechanic, has been employed for seventeen years only in the field of mechanics, and the degree of pain he endures as a result of the compensable injury are also factors which should be considered along with the medical evidence and his capability for retraining.

Even if appellant had refused to participate in a rehabilitation program, which we have found he has not, that fact alone would not necessarily preclude the Commission from determining appellant's wage loss disability to be in excess of his anatomical disability rating.

The decision of the Commission is reversed and the cause remanded to the Commission with instructions to afford appellant an opportunity to participate in a rehabilitation program, and to consider appellant's wage loss disability in a manner consistent with this opinion.

Reversed and remanded.

CRACRAFT and GLAZE, JJ., agree.