CITY OF FAYETTEVILLE *v.* James R. GUESS

CA 83-370                                    663 S.W.2d 946

Court of Appeals of Arkansas
Division I
Opinion delivered February 8, 1984

314

*E. Diane Graham,* Public Employee Claims Division, Arkansas Insurance Department, for appellant.

*Odom, Elliott, Lee & Martin,* by: *Mark L. Martin,* for appellee.

GEORGE K. CRACRAFT, Judge. The City of Fayetteville appeals from an order of the Workers' Compensation Commission affirming the finding of the Administrative Law Judge that appellee has sustained permanent partial disability equal to 25% to the body as a whole. Appellant contends that the finding is not supported by substantial evidence and was the result of misapplication of the law. We do not agree.

At a hearing before the Administrative Law Judge it was stipulated that the appellee had received a compensable injury while in the employ of the appellant and that he had incurred at least a 10% functional impairment. The appellee contended that he has suffered wage loss disability in addition to his functional impairment.

After the injury a myelogram revealed a herniated disc and lumbar strain. Appellee was given a steroid injection and made remarkable symptomatic improvement without surgery. The doctor gave him a rating of 10% permanent disability to the body as a whole. He was released to his regular work the following month. There was testimony that the doctor had informed appellee when he returned to work that he should remain on light work duty for at least a year. Appellee testified that he had told the doctor that in view of the nature of his work this would be impossible. He stated that the doctor then told him to go back to his regular employment but to "be careful."

Appellee's job activities included lifting, standing, squatting, bending, kneeling, twisting, turning, and required moderate to heavy physical activity. The appellee testified that since his return to work he had lost strength in his back and his legs as a result of pain. He was unable to

handle the air compressors, jackhammer, 90 pound bags of cement and sections of pipe as he had before his injury. He stated that he now requires the assistance of a helper in lifting objects. He stated that he could not tighten bolts as he had before, and that bending and shoveling affected him quickly. He had difficulty torquing clamps on water mains because of his pain and could not work in crouched positions on water mains for over twenty or thirty minutes at a time without resting. He testified that his additional rest breaks to get relief from pain and his physical limitations had affected his ability to complete his work on time. His pain was getting worse and he was concerned about not being able to carry his share of the workload with his crew. A supervisor testified that he would hesitate to assign some jobs to appellee because of his back problems and his having to "watch heavy lifting."

Appellee was twenty-nine years old with a tenth grade education. He had formerly worked as a drill press operator, a delivery truck driver and in a power line construction crew. He was first employed by the City of Fayetteville as a laborer and at the time of his injury he was working foreman over a three man labor crew. After his injury he had returned to his job at the same wages and subsequently received, along with all other city employees, a 14% cost of living increase.

The Administrative Law Judge found that appellant had suffered wage loss disability in addition to the 10% functional loss and he had proved by a preponderance of the evidence that he had incurred permanent partial disability equal to 25% to the body as a whole. On appeal the Commission found that the Administrative Law Judge's decision was supported by the preponderance of the evidence and affirmed his decision. This action by the Commission had the effect of adopting the findings and conclusions of the Administrative Law Judge as its own. *Lybrand* v. *Ark. Oak Flooring*, 266 Ark. 946, 588 S.W.2d 449 (1979).

On appellate review the decision of the Commission will be upheld if supported by substantial evidence. There is substantial evidence to uphold such an award if reasonable

minds could have reached the same conclusion. This court reviews the evidence in the light most favorable to the findings of the Commission and gives the testimony its strongest probative value in favor of its order. *Allen Canning Co.* v. *McReynolds,* 5 Ark. App. 78, 632 S.W.2d 450 (1982).

It is well settled that a worker who sustains an injury to the body as a whole may be entitled to wage loss disability in addition to his anatomical loss. *Glass* v. *Edens,* 233 Ark. 786, 346 S.W.2d 685 (1961). In determining the additional wage loss disability the Commission may take into consideration the worker's age, education, work experience, medical evidence and other matters reasonably expected to affect the worker's future earning power. A worker may be entitled to additional wage loss disability even though his wages remain the same or increase after the injury. *Lion Oil Company* v. *Reeves,* 221 Ark. 5, 254 S.W.2d 450 (1952).

Appellant contends, however, that in affirming the findings and conclusions of the Administrative Law Judge, the Commission considered factors which were improper in a determination of additional wage loss disability. He argues that the Commission shifted the burden to the appellant to produce "negative factors" which tend to diminish any wage loss disability instead of requiring the appellant to prove his disability factors. One conclusion of the Administrative Law Judge which was adopted by the Commission was as follows:

> The Workers' Compensation Commission in determining the amount of disability as opposed to functional impairment takes into consideration not only the claimant's age, education and work experience, but other factors as well. Motivation to return to work, post-injury earnings, credibility, demeanor and a multiplicity of factors should be and are considered by the Law Judge in his determination.

His decision commented on the fact that appellee was found to be "highly believable, credible and one who is making a genuine and sincere effort in attempting to return

to the work environment." He found that the appellee had returned to full duties against the advice of his doctor, was attempting to perform many duties which he probably ought not perform and was doing everything possible to minimize the effects of his injury. He concluded, "[T]his basically translates that in my opinion there are not present any negative factors which would have a tendency to *diminish a consideration* of wage loss."

Our reading of the Administrative Law Judge's opinion does not lead us to the conclusion that the Commission was using his discussion of the absence of negative factors to reward appellee by giving him an unjustified additional wage loss disability, as contended by appellant. To the contrary we conclude that the Commission was saying that the absence of negative factors made appellee's evidence of diminished earning capacity a more acceptable basis for its finding of fact. This is clear from the discussion by the Administrative Law Judge of recent opinions in which we upheld the Commission's consideration of apparent negative attitudes on the part of some claimants to exploit full potential on entering the job market. We stated that a claimant's lack of interest and negative attitude was an impediment to the Commission's full assessment of a claimant's loss and was a factor it could consider in determining that his wage loss was not as great as he stated it to be. *Oller* v. *Champion Parts Rebuilders,* 5 Ark. App. 307, 635 S.W.2d 276 (1982). Here the Commission merely held that there was an absence of negative circumstances having a tendency to diminish those wage loss factors about which this appellee testified. It is clear to us that these factors were considered by the Commission, not in arriving at the amount of the award, but in determining whether the appellee had sustained his burden of proof that he had in fact sustained additional wage loss disability.

Although the Commission's knowledge and experience is not evidence, once it has before it firm medical evidence of physical impairment and functional limitation it has the advantage of its own superior knowledge of industrial demands, limitations and requirements and can apply its knowledge and expertise in weighing the medical evidence

of functional limitations together with other evidence of the manner in which the functional disability will affect the ability of an injured employee to obtain or hold a job and thereby arrive at reasonably accurate conclusions as to the extent of permanent partial disability as related to the body as a whole. *Oller* v. *Champion Parts Rebuilders, supra; Rooney & Travelers Ins. Co.* v. *Charles,* 262 Ark. 695, 560 S.W.2d 797 (1978). We find no error.

GLAZE, J., agrees; MAYFIELD, C.J., concurs.

MELVIN MAYFIELD, Chief Judge, concurring. I agree that the decision of the Workers' Compensation Commission should be affirmed but am not in full accord with the majority opinion's discussion of the "negative factors" theory invented by the administrative law judge who conducted the hearing in this case.

There should be no occasion to even discuss the law judge's decision. Twenty years ago the Supreme Court of Arkansas said "it is the duty of the Commission to make a finding according to a preponderance of the evidence, and not whether there is any substantial evidence to support the ruling of the Referee." *Moss* v. *El Dorado Drilling Co.,* 237 Ark. 80, 81, 371 S.W.2d 528 (1963). More recently that court said, "We give the law judge's findings no weight whatever." *Clark* v. *Peabody Testing Service,* 265 Ark. 489, 495, 579 S.W.2d 360 (1979). The decisions of this court should have made it abundantly clear that we think the above statements are still the law. *See Roberts* v. *Leo Levi Hospital,* 8 Ark. App. 184, 649 S.W.2d 402 (1983); *Oller* v. *Champion Parts Rebuilders,* 5 Ark. App. 307, 635 S.W.2d 276 (1982); *Dedmon* v. *Dillard Dept. Store,* 3 Ark. App. 108, 623 S.W.2d 207 (1981); and *Jones* v. *Scheduled Skyways, Inc.,* 1 Ark. App. 44, 612 S.W.2d 333 (1981).

The problem is that the Commission's opinion in this case really does not state that the Commission has made any findings for itself. The opinion states: "Our *de novo* review of the record developed before the Administrative Law Judge leads us to the conclusion that the decision of the Administrative Law Judge is supported by a preponderance

of the evidence and must be affirmed." There is no real difference between that statement and the one in *Moss* v. *El Dorado Drilling Co., supra,* which caused the court there to point out that it is the Commission's duty to make a finding according to a preponderance of the evidence.

The appellant, however, states in its brief that the Commission's action in this case made the findings and conclusions of the law judge those of the Commission. Since the appellant accepts these as made by the Commission, I also will so accept them. It, therefore, becomes necessary to consider the "negative factors" theory invented and advanced by the law judge.

According to the law judge's opinion, he gets this theory from two cases where the Commission found the disability to be less than that found by the law judge. One is an unpublished opinion by this court and under Rule 21 of the Supreme Court and Court of Appeals is not to be "cited, quoted, or referred to by any court or in any argument, brief, or other materials presented to any court." See, 279 Ark. 516. The other case is *Oller* v. *Champion Parts Rebuilders, supra.* In that case this court noted that the Commission had referred to the Claimant's lack of interest in exploring vocational rehabilitation. We then discussed a case decided by the Arkansas Supreme Court and one which we had decided and said, "If in the instant case, appellant's lack of interest in exploring vocational rehabilitation was an impediment to the Commission's full assessment of appellant's loss of earning capacity, she cannot be heard to complain of that now." The law judge takes this and, as the appellant says, "reasons that the inverse must be true — absence of negative factors can increase the amount of wage loss disability, or at least support an award of wage loss disability."

I think the law judge missed the point of the statement in *Oller.* If there was any problem with what we meant in *Oller,* it should have been clarified in *Chism* v. *Jones,* 9 Ark. App. 268, 658 S.W.2d 417 (1983), and *Nicholas* v. *Hempstead County Mem. Hospital,* 9 Ark. App. 261, 658 S.W.2d 408 (1983). In the first case we noted that the Commission's

opinion appeared to say that any wage loss disability was precluded by the claimant's [negative] attitude toward rehabilitation, but we pointed out that even if he had refused to participate in a rehabilitation program that alone would not preclude the Commission from determining his wage loss disability rating. In the *Nicholas* case we said that while under the law, Ark. Stat. Ann. § 81-1310(f) (Supp. 1983), an employee cannot be required to enter a program of vocational rehabilitation, the failure to participate may hinder or prevent the Commission from fully assessing the wage earning loss.

Nothing in the above cases would seem to me to justify the law judge's theory that the *absence of negative circumstances* can add to or support any wage loss determination, and it is difficult for me to understand how he could so misread our opinions. But whatever his inspiration, I do not agree with the majority opinion that the law judge's reference to the absence of negative factors was merely a way of saying that this made appellee's evidence of diminished earning capacity "a more acceptable basis" for the law judge's finding or "a factor to be considered" in determining whether appellee had sustained his burden of proof as to his wage loss disability. I would totally reject the law judge's theory as having any proper place in the consideration or determination of a workers' compensation claim.

I do think the evidence supports the Commission's decision. Since the appellant accepts the law judge's decision as the Commission's decision, I agree to affirm that decision on the basis that it is right and should be affirmed even if a wrong reason has been given in its support. See, *Popeye's Famous Fried Chicken* v. *Willis,* 7 Ark. App. 167, 646 S.W.2d 17 (1983).